

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| POLYBRITE INTERNATIONAL, INC., an Illinois Corporation, ) ) ) | |
| Plaintiff, ) ) | No. 08 C 1797 |
| v. ) ) | Hon. Robert W. Gettleman, Judge Presiding |
| RICHARD BRENNER, an individual, PAUL CHRISTENSEN, an individual, and CHEE NGON WONG, an individual, ) ) ) ) | Hon. Nan R. Nolan, Magistrate Judge |
| Defendants. ) | |

**TEMPORARY RESTRAINING ORDER**

THIS CAUSE COMING TO BE HEARD on Plaintiff's Motion for a Temporary Restraining Order against Defendants Richard Brenner ("Brenner"), Paul Christensen ("Christensen") and CN Wong ("Wong"), due notice having been given to all defendants, the plaintiff being present through counsel, the Court having considered the allegations of the Verified Complaint, the affidavits and exhibits submitted in support, and having heard the argument of counsel,

THE COURT FINDS AND CONCLUDES THAT:

1. This Court has jurisdiction of this action pursuant to 28 U.S.C. §§1332(1) and (2);

2. Plaintiff furnished notice to all defendants of its Motion for Temporary Restraining Order;

3. Plaintiff has presented a *prima facie* case to establish, and there is a reasonable basis to believe and to conclude in law and fact that

(A) That Defendants Brenner, Christensen and Wong all owed fiduciary duties to PolyBrite.

(B) That Defendant Brenner, Christensen and Wong breached their fiduciary duties owed to plaintiff.

(C) On a date better known to defendants and not later than December, 2006, Defendants Brenner and Wong entered into a conspiracy to breach their fiduciary duties to PolyBrite. On a date sometime after December, 2006 and better known to defendants, Paul Christensen joined Defendants Brenner and Wong's conspiracy. Each has committed a tortious act, or acts, in furtherance of the conspiracy.

(D) That Brenner, Christensen and Wong failed to report the wrongful conduct of themselves, their co-defendants and others, though they each were under a duty to do so. Those failures were material omissions of fact, the purpose of which was to induce plaintiff not to act. Plaintiff reasonably acted in reliance on the material omissions of defendants, and as a direct and proximate result has suffered, and continues to suffer, damages.

(E) On a date better known to defendants and not later than December, 2006, Defendants Brenner and Wong formed a conspiracy to defraud plaintiffs. Sometime later and on a date better known to defendants, Christensen joined the conspiracy to defraud plaintiff. Each has committed a tortious act, or acts, in furtherance of the conspiracy.

(F) Defendants Brenner, Christensen and Wong are engaged in conduct which has caused, and continues to cause, damages to the plaintiff.

4. Plaintiff has no adequate remedy at law. If this Temporary Restraining Order were not granted, plaintiff will be irreparably injured by the conduct of Defendants Brenner, Christensen and Wong.

5. Such threatened injury to plaintiff outweighs any threatened harm the Temporary Restraining Order may have on Defendants Brenner, Christensen and Wong.

6. For the reasons stated in finding 3, plaintiff has demonstrated a reasonable likelihood of success on the merits of this action.

7. There is no basis for considering that the granting of this Order will disserve the public interest.

8. Defendants will suffer no harm from making their actions comport with the law and, therefore, no bond should be required by plaintiff.

IT IS HEREBY ORDERED AS FOLLOWS:

Defendants Brenner, Christensen and Wong and each of them, their agents, officers, and employees, and all persons in active concert or participation with any or all of the foregoing who receive actual notice of this Temporary Restraining Order by personal service or otherwise, are enjoined and restrained and ordered to cease and desist from

> (a) Continuing to use any confidential or proprietary information belonging to PolyBrite including information given by PolyBrite to suppliers and vendors,

  (b) Soliciting customers, or prospective customers, known to defendants at the time of their terminations of employment from PolyBrite, or assisting any third party from doing so,

  (c) Destroying or disposing of any books, records, or accounts or of any property, whether real, personal or mixed, owned by PolyBrite or that PolyBrite has any interest in,

  (d) Knowingly allowing any third party to destroy or dispose of any books, records or accounts or of any property whether real, personal or mixed, owned by PolyBrite or in which PolyBrite has an interest, and

  (e) Requiring them to immediately turn over any PolyBrite property to PolyBrite.

IT IS FURTHER ORDERED THAT:

This Temporary Restraining Order will be effective until 4:00 p.m., April 4, 2008.

This matter is set for hearing on Friday, April 4, 2008, at 9:30 a.m., before the Honorable Judge Matthew D. Kennelly, in room 2103 of the Dirksen Federal Building, at 219 South Dearborn Street, Chicago, IL, for further extension of this Temporary Restraining Order and/or entry of a Preliminary Injunction.

            ENTER:

            _____
            Matthew D. Kennelly
            United States District Judge

Entered this 31st day of March, 2008, at _11:00 AM; ordered in open court_
                       10:00 AM.

C:\Documents and Settings\mary\My Documents\PolyBrite\Pleadings\TRO.wpd