**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
Eastern Division**

| | | |
|---|---|---|
| POLYBRITE INTERNATIONAL, INC., | ) | |
| an Illinois corporation, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 08 C 1797 |
| | ) | |
| v. | ) | |
| | ) | Hon. William J. Hibbler (Emergency Judge) |
| | ) | Hon Matthew Kennelly (Former Emergency Judge) |
| RICHARD BRENNER, | ) | Hon. Robert W. Gettleman, (Assigned Judge) |
| PAUL CHRISTENSEN, | ) | Hon. Nan R. Nolan, Magistrate Judge |
| and CHEE NGON WONG, | ) | |
| Defendants. | ) | |

**DEFENDANT RICHARD BRENNER'S EMERGENCY
MOTION TO COMPEL DEPOSITIONS**

Defendant Richard Brenner respectfully moves to compel discovery from plaintiff by ordering plaintiff to produce its witnesses for deposition on Wednesday, Thursday and Friday, April 9-11, 2008.

**1.      Judge Kennelly should hear this Emergency Motion.**

Defendant believes that this Motion should be referred to Judge Kennelly, who, as explained below, sitting as Emergency Judge, conducted the TRO proceedings in the case, and issued the discovery order at issue.

Judge Kennelly's Chambers have instructed that the Motion be presented in the first instance to Judge Hibbler, who is currently Emergency Judge.

Defendant asks that Judge Hibbler refer the Motion immediately to Judge Kennelly.

**2.      This is an emergency.**

This is an emergency because the TRO prevents defendants from pursuing their professions

and they are facing an imminent Preliminary Injunction hearing that they must prepare for.  Without the requested depositions, their ability to defend against the Preliminary Injunction Motion will be seriously harmed if not completely prevented.

**3.    The parties have been unable to reach an accord after good faith consultation.**

Attached hereto is the Local Rule 37.2 Affidavit of Counsel. (Exhibit 1).

**4.    Procedural History.**

This case is assigned to Judge Gettleman who has not been sitting for two weeks or more and will not return until next Monday.

In his absence, Judge Kennelly, as Emergency Judge, has conducted the proceedings on plaintiff's Motions for Temporary Restraining Orders.

This case was filed on March 31, 2008, along with a Motion for a Temporary Restraining Order. That day, Judge Kennelly granted the TRO and set it to expire on April 4, 2008, and set a status for that date.

Defendants Richard Brenner thereafter retained undersigned counsel who appeared before Judge Kennelly on April 4, 2008 and opposed the extension of the TRO.  Judge Kennelly granted the TRO which in effect prohibits defendant Richard Brenner from pursuing all or a major part of his profession. (Exhibit 2).

Judge Kennelly extended the TRO until April 18, and set a status before Judge Gettleman, the assigned Judge for Tuesday, April 15, 2008, Judge Gettleman's first day back.

**5.    Judge Kennelly permitted the parties to conduct expedited discovery.**

After granting the TRO, Judge Kennelly allowed the parties to begin expedited discovery. His order states: "Joint oral motion for expedited discovery is granted; counsel are directed to meet

and confer to work out the scope and timing of discovery." (Exhibit 3).

> **6.** **The parties reached a preliminary agreed deposition schedule which plaintiff then abruptly reneged upon because of scheduling difficulties.**

Pursuant to that Order, the parties have exchanged written discovery (both interrogatories and production requests) and preliminarily agreed to a deposition schedule.

On the morning of Monday, April 7, 2008, counsel for all parties conferred by telephone and preliminarily agreed to expedited discovery procedures for both written discovery and depositions, to commence on Wednesday afternoon, April 8, 2008.

Pursuant to that agreement, on April 7, 2008, counsel for defendant Richard Brenner sent the letter attached as Exhibit 4, proposing a deposition schedule. (Exhibit 4). Mr. Brenner lives in Palm Springs, California, but agreed to travel to Chicago to meet with his counsel on Sunday and appear for his deposition on Monday.

On the evening of April 7, 2008, counsel for plaintiff responded slightly altering the proposed schedule, but stating that he would not produce his witnesses until the dates and places for plaintiff's depositions of defendants Brenner and Christensen were agreed upon.  (Exhibit 5).  IN fact, defendant Brenner had agreed to appear for his deposition on Monday, April 14, 2008.

This morning, April 8, 2008, Sigi Offenbach, counsel for defendant Christensen, learned that Mr. Christensen was unable to travel to Chicago for a Friday deposition, but would be available on Monday.  Mr. Offenbach so informed the parties by email. (Exhibit 6).

Shortly thereafter, completely by surprise, plaintiff's counsel sent the email attached as Exhibit 7, refusing to produce any of his witnesses for deposition as previously agreed.[1]  (Exhibit

---

[1]  The letter also  stated that there were schedule conflicts for his witnesses without stating what
(continued...)

7).

## ARGUMENT

Plaintiff's refusal to tender its witnesses for depositions is simply unacceptable.

Plaintiff has the burden of proof at the preliminary injunction hearing, and was prepared to go forward with that hearing last Friday, when, instead, the TRO was extended. Plaintiff was prepared to proceed with that Preliminary Injunction hearing without any discovery from defendants, and will be required to proceed the same way whether or not it is able to depose defendants. Indeed, the letter of plaintiff's counsel makes it absolutely clear that its refusal to produce deponents as previously agreed is undertaken for tactical purposes.[2]

Whether or not plaintiff deposes the defendants, defendants are fully entitled to take the depositions of plaintiff's witnesses and other knowledgeable persons simply to test and investigate the allegations of the Complaint and the supporting papers.

In any event, Federal Rule of Civil Procedure 26(d)(2) states as follows;

> **(2) Sequence.**
>
> Unless, on motion, the court orders otherwise for the parties' and witnesses' convenience and in the interests of justice:
>
> (A) methods of discovery may be used in any sequence; and
>
> (B) discovery by one party does not require any other party to delay its discovery.

Moreover, Judge Kennelly's instructions on his website regarding discovery disputes states

---

[1] (...continued)
those conflicts were.

[2] His email states in part "Allowing you to take all of my witnesses' depositions before taking the depositions of Messrs. Brenner and Christensen gives you a clear tactical advantage."

as follows:

> Parties are reminded that there is no "sequence" in which discovery must occur, and that one party's failure or inability to respond to discovery will not excuse any other party's prompt compliance.

The schedule of depositions is dictated not by any tactical considerations, but simply by defendants' need to investigate the basis of plaintiff's claims, and the conflicting schedules of the witnesses. Plaintiff's witnesses are available this week, and plaintiff should be allowed to depose them.

**7.     Defendants have unequivocally agreed to appear for their depositions.**

Furthermore, defendants have unequivocally agreed to appear for their depositions. Mr. Brenner will be presented on Monday, April 14, 2008, and Mr. Brenner's counsel understand that Mr. Christensen will be presented the next day or soon thereafter.. This order can be reversed if need be. Both defendants will surely be deposed before the Preliminary Injunction Hearing.

**8.     The unavailability of co-defendant Christensen should not impede defendant Brenner's right to discovery.**

Defendant Brenner will present himself for deposition on Monday, April 13, 2008 as agreed.

The fact that the co-defendant has some scheduling difficulties should not prevent Mr. Brenner from defending himself.

## CONCLUSION

Therefore, defendant Richard Brenner asks the Court to intervene, compel the depositions of plaintiff's witnesses, and set an appropriate schedule.

Respectfully submitted,

 s/ Constantine John Gekas
One of the attorneys for Richard Brenner

5

Mark J. Rose, Esq.
LAW OFFICES OF MARK J. ROSE
200 W. Adams Street, Suite 2850
Chicago, Illinois 60606
312.704.1446
312.704.8233 (Fax)
MJRoseEsq@aol.com

Constantine John Gekas, Esq.
GEKAS & ASSOCIATES, LTD.
11 S. LaSalle St., Suite 1700
Chicago, Illinois 60603
312.726.4501
312.726.4505 (fax)
CJG@cjglaw.com

## CERTIFICATE OF SERVICE

I certify that on April 8, 2008, a copy of the foregoing and the document(s) referred to therein were served by email and personal service upon the following counsel of record:

William G. Sullivan
Mason N. Floyd
MARTIN, BROWN & SULLIVAN
321 S. Plymouth Court, 10th Floor
Chicago, IL 60604
sullivan@mbslaw.com
floyd@mbslaw.com

Counsel for plaintiff Polybrite International, Inc.

Sigi M. Offenbach
Pitler & Mandell
39 South LaSalle Street
Suite 1220
Chicago, IL 60603
(312) 782-9466
sigi@pitlerandmandell.com

Counsel for defendant Paul Christensen

  s/ Constantine John Gekas

**EXHIBIT 1**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### Eastern Division

| | | |
|---|---|---|
| POLYBRITE INTERNATIONAL, INC.,<br>an Illinois corporation, | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| v. | ) | No. 08 C 1797 |
| | ) | |
| RICHARD BRENNER, | ) | Hon. Robert W. Gettleman, Presiding Judge |
| PAUL CHRISTENSEN, | ) | Hon. Nan R. Nolan, Magistrate Judge |
| and CHEE NGON WONG, | ) | |
| Defendants. | ) | |

### LOCAL RULE 37.2 AFFIDAVIT OF COUNSEL
### REGARDING CONSULTATION OVER DISCOVERY DISPUTE

Pursuant to Local Rule 37.2 Mark J. Rose states as follows:

1.      He is co-counsel for defendant Richard Brenner.

2.      On April 8, 2007, he and Sigi Offenbach, counsel for defendant Christensen, twice

spoke by telephone with William Sullivan, counsel for plaintiff, regarding the discovery dispute

which is the subject of Defendant Richard Brenner's Emergency Motion to Compel Depositions,

and they were unable to reach an accord on the relief requested by this Motion. Therefore,

undersigned Counsel states that after consultation by telephone and good faith attempts to resolve

differences, the parties are unable to reach an accord.

_____
Mark J. Rose

Subscribed and sworn to before me
this ____ day of April, 2008

_____
Notary Public

ANNE M. SHORT
NOTARY PUBLIC
OFFICIAL SEAL
MY COMMISSION EXPIRES
DECEMBER 30, 2010
STATE OF ILLINOIS

**EXHIBIT 2**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| POLYBRITE INTERNATIONAL, INC., an Illinois Corporation, | ) ) ) | |
| Plaintiff, | ) ) | No. 08 C 1797 |
| v. | ) ) | Hon. Matthew F. Kennelly Presiding as Emergency Judge |
| RICHARD BRENNER, an individual, PAUL CHRISTENSEN, an individual, and CHEE NGON WONG, an individual, | ) ) ) ) | |
| Defendants. | ) ) | |

## TEMPORARY RESTRAINING ORDER

THIS CAUSE COMING TO BE HEARD on Plaintiff's Motion for a Temporary

Restraining Order against Defendants Richard Brenner ("Brenner"), Paul Christensen

("Christensen") and CN Wong ("Wong"), due notice having been given to all defendants, the

plaintiff being present through counsel, the Court having considered the allegations of the

Verified Complaint, the affidavits and exhibits submitted in support, and having heard the

argument of counsel,

THE COURT FINDS AND CONCLUDES THAT:

1.      This Court has jurisdiction of this action pursuant to 28 U.S.C. §§1332(1) and (2);

2.      Plaintiff furnished notice to all defendants of its Motion for Temporary

Restraining Order;

3.      Plaintiff has presented a *prima facie* case to establish, and there is a reasonable

basis to believe and to conclude in law and fact that

(A)    That Defendants Brenner, Christensen and Wong all owed fiduciary duties to PolyBrite.

(B)    That Defendant Brenner, Christensen and Wong breached their fiduciary duties owed to plaintiff.

(C)    On a date better known to defendants and not later than December, 2006, Defendants Brenner and Wong entered into a conspiracy to breach their fiduciary duties to PolyBrite.  On a date sometime after December, 2006 and better known to defendants, Paul Christensen joined Defendants Brenner and Wong's conspiracy.  Each has committed a tortious act, or acts, in furtherance of the conspiracy.

(D)    That Brenner, Christensen and Wong failed to report the wrongful conduct of themselves, their co-defendants and others, though they each were under a duty to do so.  Those failures were material omissions of fact, the purpose of which was to induce plaintiff not to act.  Plaintiff reasonably acted in reliance on the material omissions of defendants, and as a direct and proximate result has suffered, and continues to suffer, damages.

(E)    On a date better known to defendants and not later than December, 2006, Defendants Brenner and Wong formed a conspiracy to defraud plaintiffs.  Sometime later and on a date better known to defendants, Christensen joined the conspiracy to defraud plaintiff.  Each has committed a tortious act, or acts, in furtherance of the conspiracy.

2

(F)     Defendants Brenner, Christensen and Wong are engaged in conduct which has caused, and continues to cause, damages to the plaintiff.

4.      Plaintiff has no adequate remedy at law.  If this Temporary Restraining Order were not granted, plaintiff will be irreparably injured by the conduct of Defendants Brenner, Christensen and Wong.

5.      Such threatened injury to plaintiff outweighs any threatened harm the Temporary Restraining Order may have on Defendants Brenner, Christensen and Wong.

6.      For the reasons stated in finding 3, plaintiff has demonstrated a reasonable likelihood of success on the merits of this action.

7.      There is no basis for considering that the granting of this Order will disserve the public interest.

IT IS HEREBY ORDERED AS FOLLOWS:

Defendants Brenner, Christensen and Wong and each of them, their agents, officers, and employees, and all persons in active concert or participation with any or all of the foregoing who receive actual notice of this Temporary Restraining Order by personal service or otherwise, are enjoined and restrained and ordered to cease and desist from

(a)     Continuing to use any nonpublic, confidential or proprietary information obtained by the defendants during the course of their employments with PolyBrite,

(b)     Soliciting customers, or prospective customers, known to defendants at the time of their terminations of employment from PolyBrite, concerning or relating to LED based or solid state lighting, or assisting any third party from doing so,

(c)     Destroying or disposing of any books, records, or accounts or of any property, whether real, personal or mixed, owned by PolyBrite or that PolyBrite has any interest in,

3

(d)     Knowingly allowing any third party to destroy or dispose of any books, records or accounts or of any property whether real, personal or mixed, owned by PolyBrite or in which PolyBrite has an interest, and

(e)     Requiring them to immediately turn over any PolyBrite property to PolyBrite.

IT IS FURTHER ORDERED THAT:

This Temporary Restraining Order will be effective until 5:00 p.m., April 18, 2008.

This matter is set for status on Tuesday, April 15, 2008, at 9:00 a.m., before the

Honorable Judge Robert W. Gettleman, in room 1703 of the Dirksen Federal Building, at 219

South Dearborn Street, Chicago, IL.

Plaintiff shall post a bond in the amount of $20,000.00.


ENTER:

_____
Matthew F. Kennelly
United States District Judge


Entered this 4th day of April, 2008, at 1:50 p.m.


G:\PDF orders\08c1797.wpd


4

**EXHIBIT 3**

## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert W. Gettleman | Sitting Judge if Other than Assigned Judge | Matthew F. Kennelly |
|---|---|---|---|
| **CASE NUMBER** | 08 C 1797 | **DATE** | 4/4/2008 |
| **CASE TITLE** | Polybrite Intl. vs. Brenner, et al. | | |

**DOCKET ENTRY TEXT**

Argument heard on plaintiff's oral motion to extend temporary restraining order.  Motion is granted for the reasons stated in open court.  The temporary restraining order dated 3/31/08 is extended through 5:00 p.m. on 4/18/08, with certain modifications to paragraphs (a) and (b) on pages 3-4.  Plaintiff is directed to prepare a draft order embodying the Court's ruling and to submit it to chambers by 1:30 p.m. on today's date.  Joint oral motion for expedited discovery is granted; counsel are directed to meet and confer to work out the scope and timing of discovery.  Case is set for a status hearing before Judge Gettleman on 4/15/08 at 9:00 a.m.

Docketing to mail notices.

| | |
|---|---|
| Courtroom Deputy Initials: | or |

**EXHIBIT 4**

LAW OFFICES OF

# MARK J. ROSE

200 WEST ADAMS STREET-SUITE 2850
CHICAGO, ILLINOIS 60606

TELEPHONE (312) 704-1446
FACSIMILE (312) 704-8233
E-mail: MJRoseEsq@aol.com

April 7, 2008

**VIA FACSIMILE**

William G. Sullivan
Mason N. Floyd
MARTIN, BROWN & SULLIVAN
321 South Plymouth Court, 10th Floor
Chicago, IL 60604

Re: PolyBrite International, Ltd. v. Brenner, *et al.*, No. 08 C 1797
United States District Court for the Northern District of Illinois

Dear Counsel:

Following up on our call this morning, we would like to begin depositions of your preliminary injunction witnesses and others as soon as possible. We understand that due to scheduling difficulties we will be unable to begin until Wednesday, but that you are prepared to work this weekend, if necessary, as are we.

These are the initial witnesses we will depose with a proposed date and time:

| | | |
|---|---|---|
| J Michael Eddy | .. | Wednesday afternoon - April 9, 2008 |
| David Miller | .. | Same, after Eddy is completed |
| Raymond Janik | .. | Thursday - April 10, 2008 |
| Ned Othman | .. | Thursday afternoon - April 10, 2008 (time permitting); and/or Friday, April 11, 2008 |
| Cal Scianna | .. | Friday, April 11, 2008 or Saturday, April 12, 2008 (depending on your deposition of Mr. Christensen) |

We of course will need to depose any witnesses that you expect to call at the preliminary injunction hearing.

We understand that you wish to depose Mr. Brenner, and we are making arrangements to

William G. Sullivan
Mason N. Floyd
April 7, 2008
Page 2

LAW OFFICES OF
MARK J. ROSE

tender him on Monday, April 14.  We will confirm that as soon as we can.

If you have any questions or comments, please do not hesitate to contact me.

Yours very truly,

MARK J. ROSE

MJR/ab

cc:    Sigi M. Offenbach

**EXHIBIT 5**

# MARTIN BROWN ⊛ SULLIVAN, LTD.

### ATTORNEYS | AT LAW

321 SOUTH PLYMOUTH COURT
10TH FLOOR
CHICAGO, ILLINOIS 60604
TEL: 312 360-5000
FAX: 312 360-5026
SULLIVAN@MBSLAW.COM

WILLIAM G. SULLIVAN

April 7, 2008

Constantine John Gekas, Esq.
Gekas & Associates, Ltd.
11 South LaSalle Street
Suite 1700
Chicago, Illinois 60603
CJG@cjglaw.com

Mark J. Rose, Esq.
Law Offices of Mark J. Rose
200 West Adams Street
Suite 2850
Chicago, Illinois 60606
MJRoseEsq@aol.com

Sigi M. Offenbach, Esq.
Pitler & Mandell
39 South LaSalle Street
Suite 1220
Chicago, Illinois 60603
sigi@pitlerandmandell.com

Re:    *PolyBrite International, Inc. v. Brenner, et al.*
        Case No. 08 C 1797

Gentlemen:

I received a letter from Mark Rose with a proposed list of deposition witnesses,
indicating the suggested dates and times. I am prepared to produce the witnesses,
however, Raymond Janik will be produced on Wednesday, not Thursday. Mr. Eddy is
out of state, and he will not be available until Thursday. The schedule will be as
follows:

| | |
|---|---|
| Wednesday, 4/9/08 | Raymond Janik/David Miller/Ferras Elshair |
| Thursday, 4/10/08 | Michael Eddy/Ned Othman (in that order) |
| Friday, 4/11/08 | Paul Christensen followed by Carl Scianna, time permitting |
| Monday, 4/14/08 @ 9:00 a.m. | Richard Brenner |

MARTIN BROWN ✪ SULLIVAN, LTD.
ATTORNEYS | AT LAW

April 7, 2008
Page 2


I will produce these witnesses only on the condition that I have a firm commitment to produce Mr. Christensen at 9:00 a.m. on Friday, and a commitment to bring in Mr. Brenner for his deposition at 9:00 a.m. on Monday, April 14th. The depositions of Mr. Brenner and Mr. Christensen will take place at my office. If you would like the others to follow at my office, I will be pleased to accommodate you. While I am bending over backward to cooperate, I am unwilling to waive the depositions of Messrs. Brenner and Christensen. If time permits, I will also present other witnesses on the dates of their depositions, if necessary. However, the commitment as to time, date and place for the depositions of Brenner and Christensen must be agreed upon by all before I produce any witnesses.

Yours very truly,

MARTIN, BROWN & SULLIVAN, LTD.

William G. Sullivan

WGS/mwm
1020.008(a)
    cc:  Chee Ngon Wong

**EXHIBIT 6**

**Chris Gekas**

| | |
|---|---|
| **From:** | Sigi [Sigi@pitlerandmandell.com] |
| **Sent:** | Tuesday, April 08, 2008 8:49 AM |
| **To:** | 'Mason Floyd' |
| **Cc:** | cjg@cjglaw.com; mjroseesq@aol.com; sullivan@mbslaw.com; 'Paul Christensen' |
| **Subject:** | RE: Case No. 08 C 1797, PolyBrite International, Inc. v. Brenner, et al., |

To:     All
From:   Sigi Offenbach

I have just heard from Mr. Christensen and he absolutely cannot be in Chicago on Friday.  He cannot rearrange his schedule and there are certain events which make it necessary to be in New York on Friday.  He can come to Chicago on Monday.

**EXHIBIT 7**

**Chris Gekas**

---

| | |
|---|---|
| **From:** | William Sullivan [sullivan@mbslaw.com] |
| **Sent:** | Tuesday, April 08, 2008 9:19 AM |
| **To:** | Sigi |
| **Cc:** | 'Mason Floyd'; cjg@cjglaw.com; mjroseesq@aol.com; 'Paul Christensen' |
| **Subject:** | Re: Case No. 08 C 1797, PolyBrite International, Inc. v. Brenner, et al., |

Gentlemen:

I, too, was informed by witnesses that there were conflicts that made it impossible to meet the proposed deposition schedule. In spite of that, they will be made available. I was willing to wait until Friday and Monday to take the depositions of Messrs. Brenner and Christensen. Allowing you to take all of my witnesses' depositions before taking the depositions of Messrs. Brenner and Christensen gives you a clear tactical advantage. You will be able to discuss the deposition testimony of PolyBrite's employees with your clients before either of them testify. I am willing to suffer that. But it is entirely possible that Judge Gettleman will initiate a preliminary injunction hearing on Tuesday. I will not have sufficient time to discuss your clients' testimony with my client before the hearing if I am forced to take two depositions on Monday. Nor will I have sufficient time to review the transcripts, or investigate the truth of their testimony. I expect the depositions of each your clients to last seven hours. If you want to produce Mr. Brenner on Friday, so that I can take the deposition of Mr. Christensen on Monday, I will happily oblige. If you want to produce Mr. Christensen on Saturday, I will accommodate you. If you want to produce either Wednesday through Friday, I will accommodate you. I will not go forward with depositions of PolyBrite's employees until this is resolved to our mutual satisfaction.

Bill Sullivan


Sigi wrote:

> To:     All
> From:  Sigi Offenbach
>
> I have just heard from Mr. Christensen and he absolutely cannot be in Chicago on Friday. He cannot rearrange his schedule and there are certain events which make it necessary to be in New York on Friday. He can come to Chicago on Monday.

4/8/2008