IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| POLYBRITE INTERNATIONAL, INC., an Illinois Corporation, | ) ) ) | |
| Plaintiff, | ) ) | No. 08 C 1797 |
| | ) ) | Hon. Robert W. Gettleman |
| v. | ) ) | Judge Presiding |
| RICHARD BRENNER, an individual, PAUL CHRISTENSEN, an individual, and CHEE NGON WONG, an individual, | ) ) ) ) ) | Hon. Nan R. Nolan, Magistrate Judge |
| Defendants. | ) | |

**MOTION FOR ENTRY OF A TEMPORARY RESTRAINING
ORDER AND PRELIMINARY INJUNCTION**

PolyBrite International, Inc. ("PolyBrite"), by its attorneys, Martin, Brown & Sullivan, Ltd., moves this Court, pursuant to Rules 65(a) and (b) of the Federal Rules of Civil Procedure for the entry of a temporary restraining order and issuance of a preliminary injunction against Defendants Richard Brenner ("Brenner"), Paul Christensen ("Christensen") and Chee Ngon Wong ("Wong"). For its Motion, Plaintiff PolyBrite states as follows:

**I.  INTRODUCTION**

This action arises out of the above-named defendants' (among others) scheme to defraud PolyBrite International, Inc. out of millions of dollars. The defendants were former executives of the plaintiff. Defendant Richard Brenner ("Brenner") was Executive Vice-President and Chief Operating Officer of PolyBrite. Defendant Paul

Christensen ("Christensen") was PolyBrite's Director of Marketing and Sales-North America and Defendant Chee Ngon Wong (" CN Wong") or ("Wong") was employed by PolyBrite to run its Hong Kong office. He was Vice-President of PolyBrite for Asia-Pacific. All three defendants were fiduciaries of PolyBrite.

PolyBrite brings this action against Defendants Brenner (Count I), Christensen (Count II) and Wong (Count III) for breach of fiduciary duty. Count IV names all three defendants for conspiracy to breach fiduciary duty. Defendants have also been sued for fraud, Brenner (Count V), Christensen (Count VI) and Wong (Count VII). All three defendants were named in Count VIII for conspiracy. The Motion for a Temporary Restraining Order and Preliminary Injunction is brought pursuant to Counts I through VIII.

### A. Facts Relevant To Entry Of Temporary Restraining Order And Preliminary Injunction

1. PolyBrite has filed a Verified Complaint for Injunctive and Other Relief ("Verified Complaint") against Defendants Brenner, Christensen and Wong for their scheme to steal the success of PolyBrite and defraud it of millions of dollars.

2. On a date better known to defendants, but not later than December, 2006, Defendants Brenner and Wong formulated and executed a business plan to compete with PolyBrite while still employed by PolyBrite. Verified Complaint, ¶s 36-45. Defendants Brenner and Wong acted in concert and conspired together to breach their fiduciary duties owed to PolyBrite.

3.      On a date prior to his resignation, and better known to him, Paul Christensen joined the conspiracy and knowingly participated therein.  Verified Complaint, ¶ 55-77.

4.      On February 12, 2007, while still employed by PolyBrite Defendants Brenner and Wong formed CDW Lighting Technologies Limited to directly and actively compete with PolyBrite.  Verified Complaint, ¶s 44-46.

5.      Defendants Brenner and Wong dissuaded PolyBrite from attending the largest lighting fair in Asia.  Their newly formed competing company registered and attended the fair as an exhibitor.  Verified Complaint, ¶s 47-49.

6.      Defendants Brenner and Wong derailed PolyBrite's attempts to seek alternative manufacturing in China.  Verified Complaint, ¶s 50-52.

7.      Two weeks after Brenner's termination and one day after Christensen's resignation, both attended a meeting in Maumelle, Arkansas with Commercial Electric and others.  Brenner and Christensen displayed a modified Borealis (PolyBrite) product.  Christensen, Brenner and others had modified the product by removing LED's used in one Borealis (PolyBrite) product and replacing them with LED's used in another Borealis (PolyBrite) product.  Verified Complaint, ¶s 66-72.

8.      Less than two weeks after the meeting in Maumelle, Arkansas, on December 11, 2007, Brenner and Christensen traveled with top level executives of Commercial Electric to Hong Kong and China.  While in China, Brenner and Christensen, along with the executives from Commercial Electric, met with Wellstar

Electronics to arrange production of LED lighting products to directly compete with PolyBrite. In recent years the majority of PolyBrite's production took place at Wellstar's facility in China. Also attending the meeting, unbeknownst to PolyBrite, was Defendant CN Wong who at the time was still employed by PolyBrite. Defendant Wong hid his participation in this secret meeting from PolyBrite. Verified Complaint, ¶s 73-76.

9. According to PolyBrite access card reports, Defendant Christensen entered and re-entered PolyBrite headquarters numerous times after hours on November 2 and 4, 2007. On information and belief the purpose was to surreptitiously remove PolyBrite's files and product, which he had no right to possess. Verified Complaint, ¶ 77.

10. According to PolyBrite access card reports, Defendant Brenner entered and re-entered PolyBrite headquarters after hours on November 12, 2007 and continuing into the early morning hours of November 13, 2007. Brenner was terminated on November 14, 2007. Shortly after Defendant Brenner was terminated, an inspection of his office showed that he had removed thousands of pages of documents containing files, background information on customers, product specifications, information on work process, development work, pricing information and other confidential and sensitive information, which he had no right to possess. Verified Complaint, ¶77-80.

11. On a date prior to his termination, and better known to him, Richard Brenner deleted all emails in his email inbox. On or around October 26, 2007, Kelly Newton, Richard Brenner's assistant, deleted all emails in her email inbox and sent folder. Verified Complaint, ¶ 81.

12. On or around December 3, 2007, CN Wong deleted all emails in his email inbox. On or around December 29, 2007, Wong deleted all emails in his sent folder. Shirley Sy, CN Wong's assistant, deleted all emails in her email inbox and sent folder on or around December 14, 2007. Verified Complaint, ¶ 82.

13. As a direct and proximate result of defendants' wrongful conduct, PolyBrite has suffered damages and continues to suffer damages.

14. Plaintiff has no adequate remedy at law. Money damages alone will not, and cannot, compensate PolyBrite for the loss of goodwill, or the loss of business opportunities which PolyBrite will suffer as a result of the defendants' conduct. Money damages will not compensate for the continuing injury resulting from defendants' use of confidential, technical, marketing and financial information.

15. By their conduct, Defendants Brenner, Christensen and Wong have demonstrated a willingness to continue to engage in acts which harm PolyBrite. It is clear that the injury to PolyBrite is immediate, irreparable and continuing.

16. PolyBrite has demonstrated that Defendants Brenner, Christensen and Wong, unless restrained, will continue to engage in conduct which is alleged herein. There is a likelihood that PolyBrite will prevail on the merits of this action.

17. Should the Court grant interlocutory injunctive relief to PolyBrite, the burden on Defendants Brenner, Christensen and Wong will be slight compared to the injury to PolyBrite if it is not granted. No injury to Defendants Brenner, Christensen and Wong will result from an order which requires Defendants, Brenner, Christensen and Wong to comport their actions with the law. Hence, no bond should be required of PolyBrite.

18. The granting of a Temporary Restraining Order will not disserve the public interest.

19. In further support of this Motion, PolyBrite relies on its Verified Complaint for Injunctive and Other Relief, and submits an accompanying Memorandum of Law in Support of its Motion for Temporary Restraining Order and Preliminary Injunction.

WHEREFORE, PolyBrite requests that the Court enter a temporary restraining order and preliminary injunction against Defendants Brenner, Christensen and Wong enjoining and restraining them from

    (a) Continuing to use any confidential or proprietary information belonging to PolyBrite including information given by PolyBrite to suppliers and vendors,

    (b) Soliciting customers or prospective customers of PolyBrite or assisting any third party from doing so,

    (c) Destroying or disposing of any books, records, accounts or any property, whether real, personal or mixed, owned by PolyBrite or in which PolyBrite has any interest,

      (d)    Knowingly allowing any third party to destroy or dispose of any books, records or accounts or of any property whether real, personal or mixed, owned by PolyBrite or in which PolyBrite has an interest, and

      (e)    Requiring them to immediately turn over any PolyBrite property to PolyBrite.

Respectfully submitted,

POLYBRITE INTERNATIONAL, INC.


By:    /s/William G. Sullivan
          One of Its Attorneys


William G. Sullivan
Mason N. Floyd
MARTIN, BROWN & SULLIVAN, LTD.
321 South Plymouth Court, 10th Floor
Chicago, Illinois 60604
(312) 360-5000