IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| POLYBRITE INTERNATIONAL, INC., an Illinois Corporation, | ) ) ) | |
| Plaintiff, | ) ) | No. 08 C 1797 |
| v. | ) ) | Hon. Robert W. Gettleman, Judge Presiding |
| RICHARD BRENNER, an individual, PAUL CHRISTENSEN, an individual, and CHEE NGON WONG, an individual, | ) ) ) ) ) | Hon. Nan R. Nolan, Magistrate Judge |
| Defendants. | ) | |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF ITS
MOTION FOR A TEMPORARY RESTRAINING ORDER
<u>AND PRELIMINARY INJUNCTION</u>**

Plaintiff PolyBrite International, Inc., through its attorneys, William G. Sullivan, Mason N. Floyd and Martin, Brown & Sullivan, Ltd., submit the following Memorandum of Law in Support of its Motion for a Temporary Restraining Order and Preliminary Injunction against Defendants Richard Brenner, Paul Christensen and Chee Ngon Wong.

In support of its Motion, plaintiff relies upon its Verified Complaint, and states as follows:

**I.  INTRODUCTION**

This action arises out of the above-named defendants' (among others) scheme to defraud PolyBrite International, Inc. out of millions of dollars. The defendants were former executives of the plaintiff. Defendant Richard Brenner ("Brenner") was Executive Vice-President and Chief Operating Officer of PolyBrite. Defendant Paul Christensen ("Christensen") was PolyBrite's Director of Marketing and Sales-North

America and Defendant Chee Ngon Wong ("CN Wong") or ("Wong") was employed by PolyBrite to run its Hong Kong office. He was Vice-President of PolyBrite for Asia-Pacific. All three defendants were fiduciaries of PolyBrite.

Sometime prior to January, 2007, Brenner and Wong entered into a conspiracy to subvert the interests of PolyBrite with its customers, prospective customers and suppliers. This conspiracy was later joined by Christensen. They formulated and executed a business plan to compete with PolyBrite while still employed by PolyBrite. They and other co-conspirators actively competed with PolyBrite by soliciting business agreements with PolyBrite's customers and prospective customers, and by forming a business entity, CDW Lighting Technologies, to compete with PolyBrite. All of this occurred while the defendants were executives and fiduciaries of PolyBrite.

In order to further their goals, defendants entered into a covert scheme to destroy PolyBrite's existing relationship including its relationship with the company that manufactured its products, Wellstar Electronics, Ltd. Defendants hid their actions by filing false reports with PolyBrite.

Defendants entered into agreements with third-parties to compete surreptitiously with PolyBrite. Defendants misappropriated financial, marketing and technical product information, all of which was confidential. Defendants have used this information to harm PolyBrite and further their personal financial goals. Defendants actively competed, and continue to compete, in the market through a company and secretly organized them beginning not later than February 13, 2007. Based upon these facts, PolyBrite brings this action against Defendants Brenner

(Count I), Christensen (Count II) and Wong (Count III) for breach of fiduciary duty. Count IV names all three defendants for conspiracy to breach fiduciary duty. Defendants have also been sued for fraud, Brenner (Count V), Christensen (Count VI) and Wong (Count VII). All three defendants were named in Count VIII for conspiracy. The Motion for a Temporary Restraining Order and Preliminary Injunction are brought pursuant to Counts I through VIII.

## II. THE APPLICABLE RULE OF LAW

A federal court sitting in diversity applies state law to all substantive claims. *Kapelanski v. Johnson*, 390 F.3d 525, 530 (7th Cir. 2004).

## III. ARGUMENT

### A. Defendants Have Breached Their Fiduciary Duties To PolyBrite

Defendants were fiduciaries of PolyBrite. A fiduciary relationship may arise as a matter of law by virtue of the parties' relationship (*e.g.*, attorney-client). *State Security Insurance Company v. Frank B. Hall & Co.*, 258 Ill.App.3d 588, 596, 630 N.E.2d 940, 946 (1st Dist. 1994). An agency relationship engenders a type of fiduciary affiliation in which the principal has the right to control the agent's conduct, and the agent has the power to act on the principal's behalf. Once an agency relationship is found, a fiduciary relationship arises as a matter of law. *Kirkruff v. Wisegarver*, 297 Ill.App.3d 826, 830, 697 N.E.2d 406, 410 (4th Dist. 1998). All that is required is that the creation of the agency relationship involve peculiar trust and confidence, with reliance by the principal on the fair dealing by the agent. *Id.* at 411.

Defendants have breached their fiduciary duties to PolyBrite. It is a fundamental principle of agency law that agents owe fiduciary duties of loyalty to their principals not to (1) actively exploit their positions within the corporation for their own personal benefits; or (2) hinder the ability of the corporation to conduct the business for which it was developed. *E.J. McKernan Co. v. Gregory*, 252 Ill.Ap.3d 514, 529, 623 N.E.2d 981, 993 (2nd Dist. 1993). Officers and directors have been found to have breached their fiduciary duties when, while still employed by the company, they (1) fail to inform the company that employees are forming a rival company or engaging in other fiduciary breaches, *Unichem Corp. v. Gurtler*, 148 Ill.App.3d 284, 290-91, 498 N.E.2d 724, 728 (1st Dist. 1986); (2) solicit the business of a single customer before leaving the company, *Smith-Shrader Co., Inc. v. Smith*, 136 Ill.App.3d 571, 580, 483 N.E.2d 283, 290 (1st Dist. 1985); (3) use the company's facilities or equipment to assist them in developing their new business; *ABC Trans Nat. Transport, Inc. v. Aeronautics Forwarders, Inc.*, 62 Ill.App.3d 671, 684, 379 N.E.2d 1228, 1238 (1978); or (4) solicit fellow employees to join a rival business, *Unichem*, at 728.

A corporation's fiduciary is not permitted to use corporate assets for his own personal gain or take advantage of business opportunities which are considered to belong to the corporation as far as the fiduciary is concerned. *Graham v. Mimms*, 111 Ill.App.3d 751, 761-62, 444 N.E.2d 549, 556 (1st Dist. 1982); see also *Comedy Cottage, Inc. v. Berk*, 145 Ill.App.3d 355, 359, 495 N.E.2d 1006, 1010-1011 (1st Dist. 1986). The burden of proof is on fiduciaries to establish the fairness of those transactions where

they acquired the assets of the corporation. *H. Vincent Allen & Associates, Inc. v. Weis*, 63 Ill.App.3d 285, 291 379 N.E.2d 765, 769 (1st Dist. 1978).

### B.     Defendants Defrauded PolyBrite

In Illinois there is no general rule for determining what facts constitute fraud, and whether or not it is found depends upon the special facts of each particular case. *Vokoych v. Spalding, et al.*, 36 Ill.App.3d 654, 664, 344 N.E.2d 805, 813-14 (1st Dist. 1976). Fraud comprises all acts, of omissions and concealments, including breach of legal or equitable duty, trust or confidence, resulting in injury to another. *Id.* at 814.

In order to state a claim for common law fraud, a plaintiff must allege that any misrepresentations were a false statement of material fact; (2) known or believed to be false by the party making them; (3) intending to induce the other party to act; (4) acted upon by the other party and reliance upon the truth of the representations; and (5) damaging to the other party as a result. *Cwikla v. Sheir*, 345 Ill.App.3d 23, 30, 801 N.E.2d 1103, 1109-10 (1st Dist. 2003). In addition, the omission or concealment of a material fact when the person has the opportunity and duty to speak also amounts to fraudulent misrepresentation. *Cotter v. Parrish*, 166 Ill.App.3d 836, 841, 520 N.E.2d 1172, 1175 (5th Dist. 1988). *See also Atheny Products Corp. v. Harris Bank Roselle*, 89 F.3d 430 (7th Cir. 1996). "Besides misrepresentation, fraud may also consist of the intentional omission or concealment of a material fact under circumstances creating an opportunity and duty to speak."

### C. Defendants Have Engaged In A Conspiracy To Breach Their Fiduciary Duties And To Defraud The Plaintiff

Plaintiff seeks relief under Counts IV and VIII, alleging that the defendants conspired to breach their fiduciary duties and to defraud PolyBrite.

Civil conspiracy consists of a combination of two or more persons for the purpose of accomplishing by some concerted action either an unlawful purpose or a lawful purpose by unlawful means. The function of a conspiracy claim is to extend liability in tort beyond the active wrongdoer to those who have merely planned, assisted or encouraged the wrongdoer's acts. *Smith v. Eli Lilly & Co.*, 137 Ill.2d 222, 560 N.E.2d 324 (1990).

A course of action for civil conspiracy exists if one of the parties to the conspiracy commits an overt act in furtherance of the conspiracy that is itself tortious or unlawful in character. *Adcock v. Brakegate, Ltd.*, 164 Ill.2d 54, 63, 645 N.E.2d 888, 894 (1995). In this action plaintiff has pled facts sufficient to show that all three defendants were acting in concert and that they committed acts in furtherance of the conspiracy which were tortious or unlawful.

### D. Plaintiff Has Met Its Burden For Entry Of A Temporary Restraining Order And A Preliminary Injunction

In order to support the entry of a temporary restraining order or preliminary injunction, a movant must show (1) an inadequate remedy at law, (2) that irreparable harm will result to movant unless the injunction is granted, (3) likelihood of success on the merits, (4) that the threat of harm to the movant outweighs the harm that would result to the opposing party should the injunction not issue, and (5) that the

public interest will not be disserved. *See Baja Contractors, Inc. v. City of Chicago*, 830 F.2d 667, 675 (7th Cir. 1987); *United States v. Phillips*, 527 F.Supp. 1340, 1343 (N.D. Ill. 1981); *Roland Machinery Company v. Dresser*, 749 F.2d 380, 386 (7th Cir. 1984).

### 1. Plaintiff Has No Adequate Remedy At Law

In order to preclude the granting of equitable relief, "an available remedy at law must be plain, clear and certain, prompt or speedy, sufficient, full and complete, practical, efficient to the attainment of the ends of justice, and final." *Interstate Cigar Co. and ICC Indiana Warehouse, Incorporated v. The United States of America*, 928 F.2d 221, 223 (7th Cir. 1991) (citations omitted). It has long been a principle of equity jurisprudence that the mere existence of a possible remedy at law is not sufficient to warrant denial of equitable relief. *See American Life Insurance Co. v. Stewart*, 300 U.S. 203, 214, 57 S.Ct. 377, 380, 81 L.Ed. 605 (1937). ("Where equity can give relief plaintiff ought not to be compelled to speculate upon the chance of his obtaining relief at law.") (citations omitted). As the Supreme Court declared more than a century ago, "The jurisdiction in equity attaches unless the legal remedy, both in respect to the final relief and the mode of obtaining it, is as efficient as the remedy which equity would afford under the same circumstances." *Gormley v. Clark*, 134 U.S. 338, 349, 10 S.Ct. 554, 557, 33 L.Ed. 909 (1890).

Money damages cannot possibly compensate plaintiff. Unless restrained and enjoined, defendants will continue to build a business at the expense of PolyBrite's shareholders. Money damages will not compensate PolyBrite for its loss of long-term customer opportunity, loss of market share and diminished name recognition. Money

damages cannot compensate for the continuing injury resulting from defendants' use of confidential, technical, marketing and financial information. Nor can money compensate it for the years spent building its business, all of which is at risk absent entry of a temporary restraining order and preliminary injunction.

> **2. Absent Entry Of The Temporary Restraining Order And Preliminary Injunction, Plaintiff Will Suffer Immediate And Irreparable Injury**

The same evidence that demonstrates that plaintiff has no adequate legal remedy also serves as the factual predicate that it will suffer irreparable injury unless this Court grants its motions for a temporary restraining order and for a preliminary injunction. Irreparable harm has been defined as "harm that cannot be prevented or fully rectified by the final judgment after trial." *Roland Machinery Company v. Dresser Industries, Inc.*, 749 F.2d 380, 386 (7th Cir. 1984). The existence of irreparable injury is a matter to be determined under the facts of each case. *Dyson v. Stein*, 401 U.S. 200, 203, 91 S.Ct. 769, 771 (1971). In this case, PolyBrite asserts that it has been and will continue to be irreparably injured by Brenner, Christensen and Wong's actions, the most important injuries of which are its inability to attempt to maintain its relationship with its customers and prospective customers, *e.g.*, Dillard's and Neiman Marcus, and its complete loss of those relationships. Because it is not practicable to calculate damages to remedy this kind of harm, no remedy at law can adequately compensate PolyBrite for its injury. *Roland Machinery*, 749 F.2d at 386; *see also Cross Wood Products, Inc. v. Suter*, 97 Ill.App.3d 282, 52 Ill.Dec. 744, 422 N.E.2d 953, 957 (1981); *Preferred Meal Systems, Inc. v. Guse*, 199 Ill.App.3d 710, 145

Ill.Dec. 736, 557 N.E.2d 506, 516-17 (1990). Furthermore, plaintiff is aware of no significant assets in the United States, held by Defendants Brenner and Christensen. Defendant Wong's assets are in Hong Kong. *See Roland Machinery*, 749 F.2d at 386. Because PolyBrite's irreparable injury was caused by and is maintained by defendants' actions, an injunction is appropriate to prevent this harm from continuing.

### 3. Plaintiff Has Shown A Likelihood Of Success On The Merits

The third element, likelihood of success on the merits, is also met. The Complaint cites numerous examples of defendants' wrongful conduct. The evidence is clear that defendants have, since 2006, engaged in a scheme to breach their fiduciary duties and to injure it through the affirmative breaches of those duties and the fraud that accompanied that conduct.

"Reasonable likelihood of success" is a flexible standard that allows the Court great latitude. *Mullis v. Arco Petroleum Corp.*, 502 F.2d 293 (7th Cir. 1974). Where as here, plaintiff can show denial of the injunction would inflict severe irreparable harm, it would be entitled to preliminary injunction if it could show only a "modest chance of prevailing" on the merits. *Green River Bottling Company v. Green River Corporation*, 997 F.2d 359, 361 (7th Cir. 1993); *Mulligan v. Parker*, 805 F.Supp. 592 (N.D. Ill. 1992) (It is enough that plaintiff's chances are better than negligible). Plaintiff's evidence shows that it has a strong likelihood of success at trial.

### 4.       A Balancing of Hardships Weighs in Favor of Plaintiff

Balancing the harms "involves a two-step process. First the court must assess the plaintiff's chance of success. Next it must balance the hardships in accordance with this determination." *Storck USA L.P. v. Farley Candy Co.*, 14 F.3d 311, 314 (7th Cir. 1994). Initially, the court only needs to determine that the plaintiff has some likelihood of success on the merits. However, at the balancing stage, the court must determine how great the moving party's likelihood of success on the merits is in order to properly balance the potential harms. This process involves a sliding scale approach; the more likely the plaintiff will succeed on the merits, the less the balance of harm needs to favor plaintiff's position. *Abbott Labs v. Mead & Johnson & Co.*, 971 F.2d 6, 12 (7th Cir. 1994). The sliding scale approach is not mathematical in nature, rather "it is more properly characterized as subjective and intuitive, one which permits district courts to weigh the competing considerations and mold appropriate relief." *Id.*

No harm or prejudice will be visited upon the defendants if the relief sought by plaintiff is granted. No harm will be visited upon defendants by requiring them to comport their conduct to the law. Conversely, plaintiff will likely be greatly harmed if defendants are allowed to continue to use plaintiff's information to continue to solicit plaintiff's customers. Defendants' actions were done with full knowledge of plaintiff's rights, and with full understanding of the consequences which might ensue. They cannot now claim that an order requiring them to comport with the law creates an undue burden.

10

### 5. Granting The Relief Sought By Plaintiff Will Not Disserve The Public Interest

The weighing process, as noted, also takes into consideration the consequences to the public interest of granting or denying preliminary relief. *Ping v. National Educ. Ass'n.*, 870 F.2d 1369, 1371-72 (7th Cir. 1992). The public interest is always served when courts require those engaged in business to comport their conduct with the law. To do otherwise would create an uneven playing field of competition, allowing those who ignore the rights of others to gain an unfair advantage in the market place. Hence, entry of the relief sought through this Motion will serve to protect the public interest, and honest businesses.

### IV.  CONCLUSION

WHEREFORE, PolyBrite requests that the Court enter a temporary restraining order and preliminary injunction against Defendants Brenner, Christensen and Wong enjoining and restraining them from

(a)   Continuing to use any confidential or proprietary information belonging to PolyBrite including information given by PolyBrite to suppliers and vendors,

(b)   Soliciting customers or prospective customers of PolyBrite or assisting any third party from doing so,

(c)   Destroying or disposing of any books, records, accounts or any property, whether real, personal or mixed, owned by PolyBrite or in which PolyBrite has any interest,

(d)   Knowingly allowing any third party to destroy or dispose of any books, records or accounts or of any property whether real, personal or mixed, owned by PolyBrite or in which PolyBrite has an interest, and

      (e)    Requiring them to immediately turn over any PolyBrite property to PolyBrite.

                      Respectfully submitted,

                      POLYBRITE INTERNATIONAL, INC.


                      By:    /s/William G. Sullivan
                              One of Its Attorneys

William G. Sullivan
Mason N. Floyd
MARTIN, BROWN & SULLIVAN, LTD.
321 South Plymouth Court, 10th Floor
Chicago, Illinois 60604
(312) 360-5000