

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| POLYBRITE INTERNATIONAL, INC.,<br>an Illinois Corporation, | ) | |
| | ) | |
| Plaintiff, | ) | No. 08 C 1797 |
| | ) | |
| v. | ) | Hon. Robert W. Gettleman, |
| | ) | Judge Presiding |
| RICHARD BRENNER, an individual, | ) | |
| PAUL CHRISTENSEN, an individual, and | ) | Hon. Nan R. Nolan, |
| CHEE NGON WONG, an individual, | ) | Magistrate Judge |
| | ) | |
| Defendants. | ) | |

## PRELIMINARY INJUNCTION ORDER

THIS CAUSE COMING TO BE HEARD on Plaintiff's Motion for a Preliminary

Injunction Order against Defendants Richard Brenner ("Brenner"), Paul Christensen

("Christensen") and CN Wong ("Wong"), due notice having been given to all

defendants, counsel for the Plaintiff and Defendants Brenner and Christensen having

been present, the Court having considered the allegations of the Verified Complaint,

the affidavits and exhibits submitted in support, and having heard the arguments of

counsel,

THE COURT FINDS AND CONCLUDES THAT:

1.     This Court has jurisdiction of this action pursuant to 28 U.S.C. §§1332(1)

and (2);

2.     Plaintiff furnished notice to all defendants of its Motion for a Preliminary

Injunction Order;

3.     Plaintiff has presented a *prima facie* case to establish, and there is a

reasonable basis to believe and to conclude in law and fact that

(A)     That Defendants Brenner, Christensen and Wong all owed fiduciary duties to PolyBrite.

(B)     That Defendant Brenner, Christensen and Wong breached their fiduciary duties owed to plaintiff.

(C)     On a date better known to defendants and not later than December, 2006, Defendants Brenner and Wong entered into a conspiracy to breach their fiduciary duties to PolyBrite.  On a date sometime after December, 2006 and better known to defendants, Paul Christensen joined Defendants Brenner and Wong's conspiracy.  Each has committed a tortious act, or acts, in furtherance of the conspiracy.

(D)     That Brenner, Christensen and Wong failed to report the wrongful conduct of themselves, their co-defendants and others, though they each were under a duty to do so.  Those failures were material omissions of fact, the purpose of which was to induce plaintiff not to act.  Plaintiff reasonably acted in reliance on the material omissions of defendants, and as a direct and proximate result has suffered, and continues to suffer, damages.

(E)     On a date better known to defendants and not later than December, 2006, Defendants Brenner and Wong formed a conspiracy to defraud plaintiffs.  Sometime later and on a date better known to defendants, Christensen joined the conspiracy to defraud plaintiff.  Each has committed a tortious act, or acts, in furtherance of the conspiracy.

2

(F)    Defendants Brenner, Christensen and Wong are engaged in conduct which has caused, and continues to cause, damages to the plaintiff.

4.    Plaintiff has no adequate remedy at law. If this Preliminary Injunction Order were not granted, plaintiff will be irreparably injured by the conduct of Defendants Brenner, Christensen and Wong.

5.    Such threatened injury to plaintiff outweighs any threatened harm the Preliminary Injunction Order may have on Defendants Brenner, Christensen and Wong.

6.    For the reasons stated in finding 3, plaintiff has demonstrated a reasonable likelihood of success on the merits of this action.

7.    There is no basis for considering that the granting of this Order will disserve the public interest.

8.    Defendants Brenner and Christensen have agreed through counsel to the language related to the relief granted in this Order. Neither agreement to that language, nor compliance with this Order, shall be deemed an admission by any defendant.

IT IS HEREBY ORDERED AS FOLLOWS:

Defendants Brenner, Christensen and Wong and each of them, their agents, officers, and employees, and all persons in active concert or participation with any or all of the foregoing who receive actual notice of this Preliminary Injunction Order by personal service or otherwise, are enjoined and restrained and ordered to cease and desist from

3

    (a)    Continuing to use any nonpublic, confidential or proprietary information obtained by the defendants during the course of their employments with PolyBrite;

    (b)    Soliciting customers, or prospective customers, known to defendants at the time of their terminations of employment from PolyBrite, concerning or relating to LED based or solid state lighting, or assisting any third party in doing so. For the purpose of this Order "customer" is defined as any person or business entity who/that has purchased product or services from PolyBrite, placed a purchase order with PolyBrite, or has any written agreement with PolyBrite for product or services, present or future, on or before January 16, 2008. "Prospective Customer" is defined as any person or business entity to whom or which PolyBrite has made a presentation for the purpose of offering products or services for sale, and in relation to which a person on behalf of PolyBrite has had personal contact, including sales representatives and distributors, on or before January 16, 2008;

    (c)    Destroying or disposing of any books, records, or accounts or of any property, whether real, personal or mixed, owned by PolyBrite or that PolyBrite has any interest in;

    (d)    Knowingly allowing any third party to destroy or dispose of any books, records or accounts or of any property whether real, personal or mixed, owned by PolyBrite or in which PolyBrite has an interest; and

    (e)    Requiring them to immediately turn over any PolyBrite property to PolyBrite.

IT IS FURTHER ORDERED THAT:

Bond previously posted in the amount of $20,000 pursuant to the Temporary

Restraining Order shall remain as security for this Order.

ENTER:   April 18, 2008

Robert W. Gettleman
United States District Judge

4