IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| POLYBRITE INTERNATIONAL, INC., an Illinois corporation, ) ) ) Plaintiff, ) ) v. ) ) RICHARD BRENNER, an individual; PAUL ) CHRISTENSEN, an individual; and CHEE ) NGON WONG, an individual, ) ) ) Defendants. ) | Case No. 08 C 1797 Hon. Robert W. Gettleman, Presiding Judge Hon. Nan R. Nolan, Magistrate Judge |

## JOINT STATUS REPORT

Plaintiff PolyBrite International, Inc., by its attorneys, William G. Sullivan and Mason N. Floyd, Defendant Richard Brenner, by his attorneys, Mark J. Rose and Constantine John Gekas, and Defendant Paul Christensen, by his attorney, Sigi M. Offenbach, submit the following Joint Status Report pursuant to this Court's Order Setting Initial Status Report for Cases Assigned to Judge Gettleman.

    A.    **Status Date and Time.** May 14, 2008 at 9:00 a.m.

    B.    **Attorneys of Record.**

William G. Sullivan (Lead Trial Counsel)
Mason N. Floyd (Trial Counsel)
Martin, Brown & Sullivan, Ltd.
321 South Plymouth Court, 10th Floor
Chicago, Illinois 60604
(312) 360-5000
Attorneys for Plaintiff, PolyBrite
    International, Inc.

Constantine John Gekas (Trial Counsel)
Gekas & Associates, Ltd.
11 South LaSalle Street, Suite 1700
Chicago, Illinois 60603
(312) 726-4501
Attorney for Defendant Richard Brenner

Mark J. Rose (Lead Trial Counsel)
Law Offices of Mark J. Rose
200 West Adams Street, Suite 2850
Chicago, Illinois 60606
(312) 704-1446
Attorney for Defendant Richard Brenner

Philip L. Mandell (Trial Counsel)
Sigi M. Offenbach (Lead Trial Counsel)
Pitler and Mandell
39 South LaSalle Street, Suite 1220
Chicago, Illinois 60603
(312) 782-9466
Attorneys for Defendant Paul Christensen

C.  **Bases of Jurisdiction.** This Court has jurisdiction of this action as to Defendants Brenner and Christensen pursuant to 28 U.S.C. §1332(1). This Court has jurisdiction as to Defendant Chee Ngon Wong pursuant to 28 U.S.C. §1332(2).

D.  **Jury Trial Demand.** Defendants Brenner and Christensen have each demanded a jury trial.

E.  **Nature of Claims and Counterclaims.**

Count I - Breach of Fiduciary Duty (Richard Brenner); Count II - Breach of Fiduciary Duty (Paul Christensen); Count III - Breach of Fiduciary Duty (Chee Ngon Wong); Count IV - Conspiracy to Breach Fiduciary Duty (Richard Brenner, Paul Christensen and Chee Ngon Wong); Count V - Fraud (Richard Brenner); Count VI - Fraud (Paul Christensen); Count VII - Fraud (Chee Ngon Wong); Count VIII - Conspiracy to Commit Fraud (Richard Brenner, Paul Christensen and Chee Ngon Wong).

Defendant Christensen filed an Answer with three Affirmative Defenses: Unclean Hands, Inequitable Conduct and estoppel. Defendant Christensen filed a Counterclaim in which he claims he is owed $29,000.00 for business expenses.

Defendant Brenner filed an Answer with two Affirmative Defenses: Unclean Hands and Laches.

F.  **Relief Sought by Parties.** Plaintiff seeks compensatory damages not less than $1,000,000.00 and punitive damages not less than $1,000,000.00 against each of the defendants. Plaintiff also seeks imposition of a constructive trust and an order of restitution and preliminary and permanent injunctions against defendants. Defendant Christensen seeks money damages in the amount of $29,000.00 from PolyBrite.

G.  **Unserved Party.** Chee Ngon Wong has not been served. A minimum of seven attempts have been made to serve Mr. Wong with process.

H.  **Principal Legal Issues. Issues Identified by Plaintiff.** The first issue is whether the defendants violated their fiduciary duties to the plaintiff. Relevant legal authority includes

*Foodcom International v. Barry*, 328 F.3d 300 (7th Cir. 2003) and *ABC Trans National Transport, Inc. v. Aeronautics Forwarders, Inc.*, 413 N.E.2d 1299, 90 Ill.App.3d 817 (1st Dist. 1980).

The second issue alleged is whether each of the defendants has committed common law fraud. Relevant legal authority includes *Cwikla v. Sheir*, 345 Ill.App.3d 23, 30, 801 N.E.2d 1103 (1st Dist. 2003), *Cotter v. Parrish*, 166 Ill.App.3d 836, 841, 520 N.E.2d 1172 (5th Dist. 1988), and *Atheny Products Corp. v. Harris Bank Roselle*, 89 F.3d 430 (7th Cir. 1996).

The third issue is whether the defendants engaged in a conspiracy to breach their fiduciary duties and conspiracy to commit fraud. Relevant legal authority includes *Adcock v. Brakegate, Ltd.*, 164 Ill.2d 54, 645 N.E.2d 888 (1995) and *People ex rel Fahner v. Carriageway West, Inc.*, 88 Ill.2d 300, 430 N.E.2d 1005 (1982).

**Issues Identified by Defendants Brenner and Christensen**.

First, was Defendant Brenner entitled to plan a new business while he was still employed with PolyBrite? Relevant legal authority includes *Exhibit Works, Inc. v. Inspired Exhibits, Inc.,* 205 U.S.Dist. Lexis 34909 and *Riad v. 520 S. Michigan Ave. Assoc., Ltd.,* 2000 U.S. Dist. Lexis 7646.

Second, is PolyBrite barred from obtaining equitable relief against Defendants Brenner and Christensen under the unclean hands doctrine by reason of the following wrongful and unlawful conduct: surveillance of Brenner's and Christensen's personal and company e-mails; termination of Brenner and Christensen based on their whistle-blowing activities; filing of this lawsuit to intimidate Brenner and Christensen from giving testimony which is harmful to PolyBrite in other proceedings; and filing a sworn complaint which contains material misstatements of fact and false averments? Relevant legal authority includes *The Original Great American Chocolate Chip Cook Company, Incorporated v. River Valley Cookies, Limited*, 970 F. 2d 273, (7th Cir. 1992) and *Beitner v. Marzahl*, 354 Ill App 3d 142, 819 N.E. 2d 1266 (2nd Dist. 2005).

Third, is PolyBrite barred from obtaining injunctive relief against Defendants Brenner and Christensen under the doctrine of laches because of its delay in pursuing its claims?  Relevant legal authority includes *Beaty v. Selinger*, 306 F. 3d 914 (9th Cir 2002) and *Wells v. United States Steel and Carnegie Pension Fund, Inc.*, 950 F. 2d 1244 (6th Cir. 1991).

I.     **Principal Factual Issues**.

**Plaintiff's Issues:**  Did Defendants Brenner and Wong enter into a conspiracy to subvert the interests of PolyBrite with its customers, prospective customers and suppliers? Was this conspiracy later joined by Defendant Christensen? Did defendants formulate and execute a business plan to compete with PolyBrite while still employed by PolyBrite? Did defendants and other co-conspirators unlawfully compete with PolyBrite by soliciting business agreements with PolyBrite's customers and prospective customers, and by forming a business entity, CDW Lighting Technologies? Did defendants conspire to destroy PolyBrite's existing relationship with the company that manufactured its products, Wellstar Electronics, Ltd.? Did defendants breach their fiduciary duties by filing false reports with PolyBrite?  Did defendants enter into agreements with third-parties to wrongfully compete with PolyBrite? Did defendants misappropriate from PolyBrite confidential financial, marketing and technical product information?

**Defendants' Issues:**  Did PolyBrite's relationships with vendors and customers terminate because of its failure to pay vendors and to obtain UL approval for its LED products?  Did Brenner and Christensen engage in any misconduct which damaged PolyBrite?  Did PolyBrite improperly refuse to reimburse Christensen for his out-of-pocket expenses?

J.     **Anticipated Motions.** Motion for a Protective Order and Motion for Summary Judgment on the issue of liability.

4

K. **A Proposed Discovery Plan Pursuant to F.R.Civ.P. 26(f).**

(1) **Previous Discovery.** The depositions of the following persons have already been taken: Richard Brenner, Paul Christensen, Carl Scianna, Ned Othman, Michael Eddy, Raymond Janik, Ferras Elshair and David Miller. The parties reserved the right to call the deponents back at a later date.

The parties have issued written discovery in the form of Requests to Produce pursuant to Rule 34 and Interrogatories pursuant to Rule 33.

(2) **Proposed Discovery.** Rule 26(a) disclosures to be made by June 6, 2008. Respond to all outstanding written by June 15, 2008. Written discovery to be completed on or before September 15, 2008. Depositions should be completed not later than December 31, 2008. The parties believe it is premature to set other discovery deadlines.

L. **Anticipated Earliest Trial Date.** May 1, 2009.

M. **Status of Settlement Discussions.** Parties have conferred and agreed on interlocutory relief language. Parties believe that settlement discussions at this time are premature, but are willing to confer on the subject.

N. **Consent to Trial Before a Magistrate Judge.** No.

Respectfully submitted,

POLYBRITE INTERNATIONAL, INC.

By: /s/William G. Sullivan
 One of Its Attorneys

William G. Sullivan
Mason N. Floyd
MARTIN, BROWN & SULLIVAN, LTD.
321 South Plymouth Court, 10th Floor
Chicago, Illinois 60604
(312) 360-5000

5

## **CERTIFICATE OF SERVICE**

The undersigned, under penalties of perjury, hereby certifies that she served copies of the foregoing Joint Status Report upon those individuals on the attached Service List via CM/ECF electronic filing this 8th day of May, 2008.

/s/Mary W. Menas

**SERVICE LIST**

Constantine John Gekas, Esq.
Gekas & Associates, Ltd.
11 South LaSalle Street
Suite 1700
Chicago, Illinois 60603
(312) 726-4501
(312) 726-4505 (fax)
CJG@cjglaw.com


Mark J. Rose, Esq.
Law Offices of Mark J. Rose
200 West Adams Street
Suite 2850
Chicago, Illinois 60606
(312) 704-1446
(312) 704-8233 (fax)
MJRoseEsq@aol.com


Sigi M. Offenbach, Esq.
Pitler & Mandell
39 South LaSalle Street
Suite 1220
Chicago, Illinois 60603
(312) 782-9466
(312) 782-3493 (fax)
sigi@pitlerandmandell.com


Philip L. Mandell, Esq.
Pitler & Mandell
39 South LaSalle Street
Suite 1220
Chicago, Illinois 60603
(312) 782-9466
(312) 782-3493 (fax)
phil@pitlerandmandell.com