IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| POLYBRITE INTERNATIONAL, INC., an Illinois Corporation,  )<br>)<br>Plaintiff,  )<br>)<br>v.  )<br>)<br>RICHARD BRENNER, an individual,  )<br>PAUL CHRISTENSEN, an individual, and  )<br>CHEE NGON WONG, an individual,  )<br>)<br>Defendants.  ) | No. 08 C 1797<br><br>Hon. Robert W. Gettleman,<br>Judge Presiding<br><br>Hon. Nan R. Nolan,<br>Magistrate Judge |

## NOTICE OF FILING

TO:   See Attached Service List

PLEASE TAKE NOTICE that on the 2nd day of June, 2008, the undersigned caused to be electronically filed with the United States District Court for the Northern District of Illinois substitute copies of the following:

1.   Page 12 of 91, of Document 1-2, originally filed March 28, 2008, attached hereto.

2.   Page 13 of 91, of Document 1-2, originally filed March 28, 2008, attached hereto.

3.   The Order entered by the Honorable Robert W. Gettleman on April 30, 2008 granted plaintiff leave to file the substitute copies of exhibits.

Respectfully submitted,

POLYBRITE INTERNATIONAL, INC.

By:   /s/William G. Sullivan
One of Its Attorneys

William G. Sullivan
Mason N. Floyd
MARTIN, BROWN & SULLIVAN, LTD.
321 South Plymouth Court, 10th Floor
Chicago, Illinois 60604
(312) 360-5000

## SERVICE LIST

Constantine John Gekas, Esq.
Gekas & Associates, Ltd.
11 South LaSalle Street
Suite 1700
Chicago, Illinois 60603
(312) 726-4501
(312) 726-4505 (fax)
CJG@cjglaw.com


Mark J. Rose, Esq.
Law Offices of Mark J. Rose
200 West Adams Street
Suite 2850
Chicago, Illinois 60606
(312) 704-1446
(312) 704-8233 (fax)
MJRoseEsq@aol.com


Sigi M. Offenbach, Esq.
Pitler & Mandell
39 South LaSalle Street
Suite 1220
Chicago, Illinois 60603
(312) 782-9466
(312) 782-3493 (fax)
sigi@pitlerandmandell.com


Philip L. Mandell, Esq.
Pitler & Mandell
39 South LaSalle Street
Suite 1220
Chicago, Illinois 60603
(312) 782-9466
(312) 782-3493 (fax)
phil@pitlerandmandell.com

**CERTIFICATE OF SERVICE**

The undersigned, under penalties of perjury, hereby certifies that she served copies of the foregoing Notice of Filing upon those individuals on the attached Service List via CM/ECF electronic filing this 2nd day of June, 2008.

/s/Mary W. Menas

| GOEKEN GROUP CORPORATION | CORPORATE POLICIES & PROCEDURES |
|---|---|
| **COMPANY** Goeken Group Corporation / Global Med-NET Inc. / Personal Guardian Inc. / Illumination Polymer Technologies Inc. | **DEPARTMENT** All Departments |
| **SUBJECT:** Employee Agreement | **SECTION / POLICY #** EMPLOYEE FORM HR-3 Rev 12/99 |

Employee's Name: **RICHARD JAMES BRENNER**  S. S. No. _____

In consideration of employment with, engagement by, or joint venture with, the Goeken Group Corporation ("GGC"), including without limitation Global Med-NET Inc., Illumination Polymer Technologies, Inc., Personal Guardian Inc., or any other subsidiary of GGC or business in which GGC has an interest, their predecessors and successors; the undersigned hereby agrees that he or she, and his or her legal representative, will:

1. Keep confidential all GGC information and use or disclose GGC information only with the express permission of GGC. "GGC Information" includes all tangible or intangible technical, business, financial, marketing, manufacturing, or operating information that is not readily available to the general public or that might be of benefit to a competitor or an entity seeking to become a competitor;
2. Seek advice from GGC before disclosing to any third party (not part of or affiliated with GGC) any information of which he or she is uncertain whether it may be GGC Information or whether a confidentiality agreement is appropriate prior to such disclosure;
3. Promptly advise GGC of any knowledge that a competitor or potential competitor has gained access to GGC information or is using information that is substantially similar to GGC Information;
4. Assign to GGC or its nominee all his or her right, title and interest to each discovery, invention, idea or improvement, whether or not patentable, relating to or arising out of the business, services or products of GGC that is made or conceived during the term of his or her employment and is directly or indirectly related to, or resulting from, his or her work in the course of GGC employment
5. Promptly advise GGC of the existence of any discovery, invention, idea or improvement that might fall within paragraph 4 above.
6. Refuse employment or engagement, directly or indirectly, for one year after the termination of any business relationship with GGC with any entity that is or is likely to become a competitor of GGC; and
7. Acknowledge that money damages may not be a sufficient remedy for breach of this agreement and therefore be subject to injunctive relief for any threatened or actual breach as well as any money damages appropriate therefor.

_Richard J Brenner_     Sep 14, 2001
Employee's Signature         Date

_____     _____
Supervisor's Signature         Date

_____     _____
Witness Signature         Date

Received:  Personnel / HR   Date: _____  By: _____
           Department Head  Date: _____  By: _____

SUBMITTED: December 1999 (____)
APPROVED:
EFFECTIVE:

**EXHIBIT 3**

| GOEKEN GROUP CORPORATION | CORPORATE POLICIES & PROCEDURES |
|---|---|

| COMPANY | DEPARTMENT |
|---|---|
| Goeken Group Corporation<br>Global Med-NET Inc.<br>Personal Guardian Inc.<br>Illumination Polymer Technologies Inc. | All Departments |

| SUBJECT: Employee Agreement | SECTION / POLICY #<br>EMPLOYEE<br>FORM HR-3 Rev 12/99 |
|---|---|

Employee's Name: *Paul H. Christensen*   S. S. No. _____

In consideration of employment with, engagement by, or joint venture with, the Goeken Group Corporation ("GGC"), including without limitation Global Med-NET, Inc., Illumination Polymer Technologies, Inc., Personal Guardian Inc., or any other subsidiary of GGC or business in which GGC has an interest, their predecessors and successors, the undersigned hereby agrees that he or she, and his or her legal representative, will:

1. Keep confidential all GGC information and use or disclose GGC information only with the express permission of GGC. "GGC Information" includes all tangible or intangible technical, business, financial, marketing, manufacturing, or operating information that is not readily available to the general public or that might be of benefit to a competitor or an entity seeking to become a competitor;
2. Seek advice from GGC before disclosing to any third party (not part of or affiliated with GGC) any information of which he or she is uncertain whether it may be GGC Information or whether a confidentiality agreement is appropriate prior to such disclosure;
3. Promptly advise GGC of any knowledge that a competitor or potential competitor has gained access to GGC information or is using information that is substantially similar to GGC Information;
4. Assign to GGC or its nominee all his or her right, title and interest to each discovery, invention, idea or improvement, whether or not patentable, relating to or arising out of the business, services or products of GGC that is made or conceived during the term of his or her employment and is directly or indirectly related to, or resulting from, his or her work in the course of GGC employment.
5. Promptly advise GGC of the existence of any discovery, invention, idea or improvement that might fall within paragraph 4 above.
6. Refuse employment or engagement, directly or indirectly, for one year after the termination of any business relationship with GGC with any entity that is or is likely to become a competitor of GGC; and
7. Acknowledge that money damages may not be a sufficient remedy for breach of this agreement and therefore be subject to injunctive relief for any threatened or actual breach as well as any money damages appropriate therefor.

_Paul H. Chr..._    *June 12 '06*
Employee's Signature          Date

_[signature]_         *June 12 - 06*
Supervisor's Signature        Date

_____   _____
Witness Signature            Date

Received:  Personnel / HR    Date: _____  By: _____
           Department Head   Date: _____  By: _____

SUBMITTED:  December 1999
APPROVED:
EFFECTIVE:

**EXHIBIT 4**