TPC - Leave to File - Mot03.wpd

## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| POLYBRITE INTERNATIONAL, INC., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 08 C 1797 |
| | ) | |
| RICHARD BRENNER, | ) | Hon. Robert W. Gettleman |
| | | |
| CHEE NGON WONG, | ) | |
| | ) | |
| Defendants. | ) | |

### AMENDED MOTION FOR LEAVE TO FILE THIRD-PARTY COMPLAINT

Pursuant to Rules 14 and 15 of the Federal Rules of Civil Procedure, defendant Richard Brenner respectfully asks leave to file the attached Third-Party Complaint asserting a claim for contribution and a claim for indemnification against certain Arkansas limited liability companies and individuals.

A copy of the proposed Third-Party Complaint is attached hereto.

### BACKGROUND

The Complaint by plaintiff Polybrite International, Inc. raises several claims against defendant Brenner: Breach of Fiduciary Duty (Count I), Conspiracy to Breach Fiduciary Duty (Count IV), Fraud (Count V), and Conspiracy to Commit Fraud (Count VII). All but Count I sound in tort.

Polybrite's Complaint also alleges in great detail that the proposed third-party defendants – Commercial Electric, LLC, an Arkansas limited liability company; Solid State Solutions, LLC, an Arkansas limited liability company; Phil K. Gamache; Bob Van Auken; and William Young – were deeply involved in the acts and omissions which plaintiff Polybrite contends were improper and unlawful.

The Complaint specifically identifies third-party defendants as "Non-Party Actors" (¶¶ 15-19), and charges, among other things, that defendant/third-party plaintiff Richard Brenner:

a.    allegedly "Subverted Polybrite's Relationships" with defendant Commercial Electric (¶¶ 53-71), including the concealment of the true reasons for third-party defendants Commercial Electric's and Mr. Gamache's termination of the Commercial Electric Distributorship Agreement with plaintiff Polybrite (¶ 63);

b.    was engaged by defendant Commercial Electric, LLC as a "consultant." (¶ 66);

c.    participated in an allegedly illicit meeting at the offices of Commercial Electric and Solid State Solutions on November 28, 2007; and

d.    conducted allegedly "Illicit Covert Meetings in China and Hong Kong" with CN Wong and others, along with third-party defendants Bob Van Auken and William Young, who at the time were acting for third-party defendants Commercial Electric and Solid State Solutions (¶¶ 73-76).

Defendant Richard Brenner therefore submits that he is entitled to contribution and indemnity from the putative third-party defendants.

## ARGUMENT

Defendant Brenner respectfully submits that leave to file this Third-Party Complaint should be granted.

**Leave to Amend** – Under Rule 15 of the the Federal Rules of Civil Procedure, if the court's leave is required to amend the pleadings, "leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a); *Doherty v. Davy Songer, Inc.*, 195 F.3d 919, 928 (7th Cir. 1999).

A defendant that files its third-party complaint more than 10 days after serving its answer

must obtain leave to do so. The decision to grant leave is at the discretion of the trial court and depends on factors such as the timeliness of the motion and whether the proposed claim will unduly complicate the existing action. *Highlands Ins. Co. v. Lewis Rail Serv. Co.*, 10 F.3d 1247, 1251 (7th Cir. 1993); *G.M. Sign, Inc. v. Franklin Bank, S.S.B.*, 2006 U.S. Dist. LEXIS 68900 (N.D. Ill. 2006).

Defendant Brenner's request to file this Third-Party Complaint is certainly timely. This case was filed only 90 days ago; discovery is just now beginning; and there will be no undue prejudice to plaintiff Polybrite or the third-party defendants. Nor will the Third-Party Complaint complicate the existing action because the proofs and argument will be identical to those at issue between Polybrite and defendant Brenner. Indeed, the proposed Third-Party Complaint fully serves the purpose behind "impleader": promoting judicial efficiency by eliminating the necessity for a defendant to bring a separate action against a third-party who may be secondarily liable to the defendant for all or part of the original claim.

The claims for contribution and indemnity are also well grounded in the facts of this case and the applicable law.

**Contribution** – It is clear from Polybrite's allegations, if established, that third-party defendants are joint tortfeasors against and from whom defendant Brenner is entitled to contribution under the Illinois Joint Tortfeasors Contribution Act, 740 ILCS §100/1, *et seq.*

Furthermore, if defendant Brenner entered into a conspiracy, third-party defendants were co-conspirators because they entered into agreements with defendant Brenner full well knowing the purpose, means and object of those agreements, as alleged by plaintiff Polybrite, and committed acts in furtherance of those agreements and supposed conspiracies alleged in Polybrite's Complaint. *Fritz v. Johnston*, 209 Ill.2d 302, 317, 807 N.E.2d 461, 470 (2004); *Adcock v. Brakegate, Ltd.*, 164

3

Ill.2d 54, 62-63, 645 N.E.2d 888, 894 (1994); *Am. Hardware Mfrs. Ass'n v. Reed Elsevier, Inc.,* 2004 U.S. Dist. LEXIS 28007 (N.D. Ill. 2004).

Of course, defendant/third-party Brenner denies that he committed any such violations of law.  However, his assertion of his rights of contribution against third-party defendants is entirely proper at this stage of the case.  Under Illinois law, there need not be actual tort liability in order to state a cause of action for contribution. *People v. Brockman*, 143 Ill. 2d 351, 574 N.E.2d 626, 634, (1991) (emphasis added). Rather, courts interpret the words "subject to liability in tort" to mean that persons from whom contribution is sought need only be "potentially capable of being held liable in a court of law or equity." *Id.*; see also *North American Van Lines, Inc. v. Pinkerton Security Systems, Inc.,* 89 F.3d 452, 456 (7th Cir. 1998) ("Under Illinois law, it is sufficient for the purposes of the Contribution Act that there be potential liability sounding in tort."), and *Ho-Chunk Nation v. J.C. Penney Co.,* 1999 U.S. Dist. LEXIS 10716 (N.D. Ill. 1999).[1]

**Indemnification** – Count Two of the proposed Third-Party Complaint seeks indemnification against the two limited liability company third-party defendants.

This claim for indemnification is based on the fact that both companies engaged defendant Brenner to act for them in the course of conduct, acts and omissions which plaintiff Polybrite asserts was tortious.

Attached to the proposed Third-Party Complaint are copies of the engagement letters by which defendant Brenner was engaged by Commercial Electric, LLC and Solid State Solutions, LLC. It is clear that defendant Brenner has a substantial claim for indemnification under those agreements (either express or implied indemnity). *Frazer v. A.F. Munsterman, Inc.*, 123 Ill. 2d 245, 255, 527

---

[1] Mr. Brenner does not seek contribution for the claim of breach of fiduciary duty.

4

N.E.2d 1248 (1988); *Dixon v. Chicago & North Western Transp. Co.*, 151 Ill. 2d 108, 119, 601

N.E.2d 704, 708-709  (1992).

It is also clear that defendant Brenner has a claim for common law indemnity because the two

companies were the primary, indeed, at times the exclusive, actors in the courses of conduct that

plaintiff Polybrite claims was tortious.  *Stifle v. Marathon Petroleum Co.*, 876 F.2d 552, 556 (7th

Cir. 1989); *Dixon*, 151 Ill. 2d at 119, 601 N.E.2d at 708-709; *Cooper v. Wal-Mart Stores*, 959 F.

Supp. 964, 968 (C.D. Ill. 1997).

Moreover, as alleged in the Third-Party Complaint, the third-party defendant companies have

already admitted that they are liable to indemnify Mr. Brenner and have advanced to him substantial

sums to aid him in covering the enormous costs of his defense of this case.

On June 20, 2008, without prior notice to Mr. Brenner or his counsel, the company third-

party defendants instituted an action against Mr. Brenner in Pulaski County, Arkansas Circuit Court

seeking in part a declaratory judgment that they are not liable to him for contribution and indemnity,

and seeking in part to interfere with Mr. Brenner's obligations to make full and complete discovery

in this case.[2]   Furthermore, even though since that date settlement negotiations and other

communications have been on-going between counsel for Mr. Brenner and counsel for third-party

defendants, third-party defendants have attempted to conceal the filing and existence of that action

from Mr. Brenner and his counsel for some improper tactical purpose.  That filing demonstrates that

the parties have a live and continuing controversy about whether the putative third-party defendants

are liable to Mr. Brenner for contribution and/or indemnity.  Notwithstanding that filing, it is clear

that these issues should be adjudicated solely in this Court which the original claim by Polybrite is

---

[2]  *Commercial Electric, LLC, et al. v. Brenner*, No. CV08-7087 (filed June 20, 2008).

lodged

## CONCLUSION

In sum, the proposed Third-Party Complaint should be allowed, and the Clerk should be

authorized and directed to issue third-party summons forthwith.

Respectfully submitted,

  s/ Constantine John Gekas

One of the attorneys for defendant Richard
Brenner

Constantine John Gekas
GEKAS & ASSOCIATES, LTD.
Eleven South LaSalle Street, Suite 1700
Chicago, Illinois 60603
(312) 726-4501
(312) 726-4505 (Fax)

Mark J. Rose
LAW OFFICES OF MARK J. ROSE, ESQ.
200 W. Adams St., Suite 2850
Chicago, Illinois 60606
(312) 704-1446
(312) 704-8233 (Fax)

## CERTIFICATE OF SERVICE

I certify that on July 3, 2008, a copy of the foregoing and the document(s) referred to therein were served by email upon the following counsel of record:

William G. Sullivan (Via ECF)
Mason N. Floyd
MARTIN, BROWN & SULLIVAN
321 S. Plymouth Court, 10th Floor
Chicago, IL 60604
sullivan@mbslaw.com
floyd@mbslaw.com

Counsel for plaintiff Polybrite International, Inc.

Sigi M. Offenbach (Via ECF)
Philip L. Mandell
Pitler & Mandell
39 South LaSalle Street
Suite 1220
Chicago, IL 60603
(312) 782-9466
sigi@pitlerandmandell.com

Counsel for defendant Paul Christensen

Amy Stewart (Via email)
THE ROSE LAW FIRM, P.A.
120 East Fourth Street
Little Rock, AR 72201
astewart@roselawfirm.com

Counsel for putative third-party defendants

s/ Constantine John Gekas

TP Complaint03.wpd

## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| POLYBRITE INTERNATIONAL, INC., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 08 C 1797 |
| | ) | |
| RICHARD BRENNER, | ) | Hon. Robert W. Gettleman |
| PAUL CHRISTENSEN, and | ) | |
| CHEE NGON WONG, | ) | |
| | ) | |
| Defendants. | ) | |
| ----------------------------------------------------------- | ) | |
| | ) | |
| RICHARD BRENNER, | ) | |
| | ) | |
| Third-Party Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| COMMERCIAL ELECTRIC, LLC, an Arkansas | ) | |
| limited liability company; | ) | |
| SOLID STATE SOLUTIONS, LLC, an Arkansas | ) | |
| limited liability company; | ) | |
| PHIL K. GAMACHE; BOB VAN AUKEN; and | ) | |
| WILLIAM YOUNG, | ) | |
| | ) | |
| Third-Party Defendants. | ) | |

### THIRD-PARTY COMPLAINT FOR CONTRIBUTION AND INDEMNITY

Pursuant to Rule 14 of the Federal Rules of Civil Procedure, defendant/third-party plaintiff

Richard Brenner brings this third-party action for contribution and indemnity against third-party

defendants Commercial Electric, LLC, an Arkansas limited liability company; Solid State Solutions,

LLC, an Arkansas limited liability company; Phil K. Gamache; Bob Van Auken; and William

Young.

**The Parties**

1.    Richard Brenner is an original defendant in this action having been so named in the Complaint of plaintiff Polybrite International, Inc.  He brings this third-party action against the third-party defendants for contribution and indemnity for the claims asserted against him in that Complaint.

2.    Polybrite International, Inc., an Illinois corporation, is the plaintiff herein having filed the Complaint against Mr. Brenner and others making certain claims of fraud, breach of fiduciary duty, and conspiracy against them which Mr. Brenner denies, and for which Mr. Brenner seeks contribution and indemnity from third-party defendants to the extent permitted under law.

3.    Commercial Electric, LLC ("Commercial Electric") is an Arkansas limited liability company that entered into a distribution contract with Polybrite, and acting through certain of its members, officers and employees, committed certain acts in furtherance of the supposed conspiracies, frauds, and breaches of fiduciary duty alleged against defendant/third-party plaintiff Richard Brenner.

4.    Commercial Electric, LLC is liable to defendant/third-party plaintiff Richard Brenner for contribution and indemnity on account of some or all of the claims asserted against Mr. Brenner in Polybrite's Complaint to the extent permitted by law.

5.    To the extent that plaintiff Polybrite is entitled to a recovery on those claims asserted against Mr. Brenner, Commercial Electric is liable to plaintiff within the meaning of Federal Rule of Civil Procedure 14(c)(2), and third-party plaintiff Richard Brenner hereby demands that Commercial Electric, LLC defend against plaintiff Polybrite's claims.

6.    Solid State Solutions, LLC is an Arkansas limited liability company.  On information

and belief, to wit, the allegations of Polybrite's Complaint, defendant/third-party plaintiff alleges that the Arkansas Secretary of State website shows that Solid State Solutions filed its Articles of Incorporation on November 19, 2007, and lists Phil Gamache as "owner." Acting through certain of its members, officers and employees, Solid State Solutions, LLC committed certain acts in furtherance of the supposed conspiracies, frauds, and breaches of fiduciary duty alleged against defendant/third-party plaintiff Richard Brenner.

7.     Solid State Solutions, LLC is liable to defendant/third-party plaintiff Richard Brenner for contribution and indemnity on account of some or all of the claims asserted against Mr. Brenner in Polybrite's Complaint to the extent permitted by law.

8.     To the extent that plaintiff Polybrite is entitled to a recovery on those claims asserted against Mr. Brenner, Solid State Solutions, LLC is liable to plaintiff within the meaning of Federal Rule of Civil Procedure 14(c)(2), and third-party plaintiff Richard Brenner hereby demands that Solid State Solutions, LLC defend against plaintiff Polybrite's claim.

9.     Phil K. Gamache is the President and CEO of Commercial Electric. On information and belief, to wit, the allegations of Polybrite's Complaint, defendant/third-party plaintiff alleges that Mr. Gamache worked closely with Paul Christensen pursuing large commercial accounts, including Dillard's department stores. Gamache committed numerous acts and omissions in furtherance of the supposed conspiracies, frauds, and breaches of fiduciary duty alleged against defendant/third-party plaintiff Richard Brenner.

10.     Mr. Gamache is liable to defendant/third-party plaintiff Richard Brenner for contribution and indemnity on account of some or all of the claims asserted against Mr. Brenner in Polybrite's Complaint to the extent permitted by law.

3

11.    To the extent that plaintiff Polybrite is entitled to a recovery on those claims asserted against Mr. Brenner, Mr. Gamache is liable to plaintiff within the meaning of Federal Rule of Civil Procedure 14(c)(2), and third-party plaintiff Richard Brenner hereby demands that Mr. Gamache defend against plaintiff Polybrite's claim.

12.    Bob Van Auken is the Executive Vice President of Commercial Electric, LLC; he is also the President of Solid State Solutions, LLC.  Mr. Van Auken committed numerous acts and omissions in furtherance of the supposed conspiracies, frauds, and breaches of fiduciary duty alleged against defendant/third-party plaintiff Richard Brenner.

13.    Mr. Van Auken is liable to defendant/third-party plaintiff Richard Brenner for contribution and indemnity on account of some or all of the claims asserted against Mr. Brenner in Polybrite's Complaint to the extent permitted by law.

14.    To the extent that plaintiff Polybrite is entitled to a recovery on those claims asserted against Mr. Brenner, Mr. Van Auken is liable to plaintiff within the meaning of Federal Rule of Civil Procedure 14(c)(2), and third-party plaintiff Richard Brenner hereby demands that Mr. Van Auken defend against plaintiff Polybrite's claim.

15.    William Young is an employee of Commercial Electric, LLC. On information and belief, to wit, the allegations of Polybrite's Complaint, defendant/third-party plaintiff alleges that he was in charge of business development and commercial lighting for Commercial Electric, LLC.  Mr. Young committed numerous acts and omissions in furtherance of the supposed conspiracies, frauds, and breaches of fiduciary duty alleged against defendant/third-party plaintiff Richard Brenner.

16.    Mr. Young is liable to defendant/third-party plaintiff Richard Brenner for contribution and indemnity on account of some or all the claims asserted against Mr. Brenner in Polybrite's

4

Complaint to the extent permitted by law.

17.    To the extent that plaintiff Polybrite is entitled to a recovery on those claims asserted against Mr. Brenner, Mr. Young is liable to plaintiff within the meaning of Federal Rule of Civil Procedure 14(c)(2), and third-party plaintiff Richard Brenner hereby demands that Mr. Young defend against plaintiff Polybrite's claim.

### Jurisdiction and Venue

18.    The original Complaint in this action invoked the diversity jurisdiction of this court under 28 U.S.C. § 1332(1) & (2).    Therefore, the citizenship of the third-party defendants is irrelevant to the continuing jurisdiction of this Court.  *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 66 n.1, 117 S. Ct. 467, 136 L. Ed. 2d 437 (1996); *Fidelity & Deposit Co. of Md. v. City of Sheboygan Falls*, 713 F.2d 1261, 1266 (7th Cir. 1983).

19.    In any event, the individual third-party defendants are citizens of states other than Illinois, to wit, Arkansas, and the members of the Arkansas limited liability companies, Commercial Electric, LLC and Solid State Solutions, LLC, are citizens of states other than Illinois, to wit, Arkansas and Delaware.

20.    The assertion of this third-party Complaint falls within the general contours of jurisdiction and venue, and will not work any undue prejudice, or any prejudice of any kind on third-party defendants.  *Marseilles Hydro Power, LLC v. Marseilles Land & Water Co.*, 299 F.3d 643, 650 (7th Cir. 2002).

21.    All third-party defendants have availed themselves of the privileges and protections of the laws of Illinois, and have committed acts and omissions within this District:

a.    Since at least early 2007, third-party defendant Commercial Electric, LLC has been

transacting business in Illinois, including, but not limited to its entry into a distributor agreement with plaintiff Polybrite International, Inc., an Illinois corporation, by which, among other things, Commercial Electric agreed to be bound by Illinois law in the construction of that agreement. (A copy of that Agreement is attached as Exhibit 13 to Polybrite's Complaint.)

b.    The individual third-party defendants, Phil K. Gamache, Bob Van Auken and William Young, traveled to the Northern District of Illinois on at least November 14, 2007, and committed acts in furtherance of the supposed conspiracy that plaintiff Polybrite has alleged against defendant/third-party plaintiff Richard Brenner, including meeting with Mr. Brenner and Raymond Janik, another employee of Polybrite, in an effort to persuade them to enter into the supposed conspiracy alleged against Richard Brenner and others.

**Allegations Common to All Counts**

22.    On March 28, 2008, plaintiff Polybrite filed this action by the filing of a Verified Complaint against defendant/third-party plaintiff Richard Brenner, and two others, Paul Christensen and Chee Ngon Wong, both former employees of plaintiff Polybrite.

23.    The Complaint speaks for itself, but in summary, charges defendant/third-party plaintiff Richard Brenner with Breach of Fiduciary Duty (Count I), Conspiracy to Breach Fiduciary Duty (Count IV), Fraud (Count V), and Conspiracy to Commit Fraud (Count VII).

24.    Among other things, Polybrite's Complaint alleges in detail that third-party defendants, and each of them, were intimately and extensively involved in certain of the alleged acts and omissions which constitute the basis of the claims against defendant/third-party plaintiff Richard

6

Brenner.

25.    The Complaint specifically identifies third-party defendants as "Non-Party Actors" (¶¶ 15-19).

26.    The Complaint charges, among other things, that defendant/third-party plaintiff Richard Brenner

    a.    allegedly "Subverted Polybrite's Relationships" with defendant Commercial Electric (¶¶ 53-71), including the concealment of the true reasons for third-party defendants Commercial Electric's and Mr. Gamache's termination of the Commercial Electric Distributorship Agreement with plaintiff Polybrite (¶ 63);

    b.    was engaged by defendant Commercial Electric, LLC as a "consultant."  (¶ 66);

    c.    participated in an allegedly illicit meeting at the offices of Commercial Electric and Solid State Solutions on November 28, 2007; and

    d.    conducted allegedly "Illicit Covert Meetings in China and Hong Kong" with CN Wong and others, along with third-party defendants Bob Van Auken and William Young, who at the time were acting for third-party defendants Commercial Electric and Solid State Solutions (¶¶ 73-76).

27.    Plaintiff incorporates by reference, and thereby realleges herein, on information and belief, but without adopting the truth thereof, the specific allegations of Polybrite's Complaint which refer to third-party defendants as follows: including, but not limited to Paragraphs 15-19, 53-71, and 73-76.

28.    In fact, third-party defendants were extensively and actively involved in each of those acts and courses of conduct alleged in the Complaint.

29.     In the course of that involvement, the third-party defendants, and each of them, acted with full knowledge and intent commensurate with the knowledge and intent of defendant/third-party plaintiff Richard Brenner, and if he is found to have acted with some improper or fraudulent intent, including, but not limited to reckless or negligent intent, those third-party defendants, and each of them, acted knowingly and willfully, and with the same or greater degree of improper and fraudulent intent.

30.     In fact, third-party defendants, and each of them, were the primary actors in the course of conduct alleged against defendant/third-party plaintiff Richard Brenner, at least on and after November 14, 2007, the date of defendant/third-party plaintiff Richard Brenner's termination from the employ of plaintiff Polybrite, and at least as follows:

a.     Defendant/third-party plaintiff Brenner organized the scheme to utilize the knowledge and services of employees and ex-employees of plaintiff Polybrite to establish a  manufacturing entity in China to supply customers of third-party defendants, including entities and businesses that plaintiff alleges were its customers.

b.     Third-party defendants contacted defendant/third-party plaintiff Richard Brenner, and scheduled and then conducted a meeting with him on November 14, 2007, in or near Naperville, Illinois, with the purpose of hiring him away from Polybrite because of his knowledge and expertise regarding the LED lighting business, including establishing manufacturing relationships in China.

c.     On November 19, 2007, third-party defendant Phil K. Gamache caused Solid State Solutions, LLC to be organized under the laws of Arkansas for the purposes which plaintiff Polybrite alleges were improper and unlawful.

8

d.   On November 30, 2007, and then again on February 20, 2008, acting on behalf of Commercial Electric, LLC and Solid State Solutions, LLC, third-party defendant Bob Van Auken wrote to defendant/third-party plaintiff the letters engaging him as a "consultant" for the purpose of establishing such business relationships.

e.   During December 2007, as alleged in Polybrite's Complaint, third-party defendants requested and instructed defendant/third-party plaintiff Richard Brenner to arrange meetings with co-defendant CN Wong and others in China for the purposes of establishing a manufacturing relationship which would fulfill the purposes of supplying Commercial Electric's customers with products, and for other purposes and by other means that plaintiff Polybrite now alleges were improper and unlawful.

f.   During January through June 2008, defendant/third-party plaintiff conducted negotiations with CN Wong and other persons in China to establish a manufacturing relationship with them in China for purposes which plaintiff Polybrite alleges were improper and unlawful.

g.   On or about June 5, 2008, third-party defendants terminated Mr. Brenner's employment with them, and soon thereafter tendered him a punitive severance agreement, the main purposes and/or effects of which were to conceal third-party defendants' involvement and knowing participation in the acts and omissions which plaintiff Polybrite alleges were improper and unlawful, and to prevent defendant/third-party plaintiff Brenner from complying with his discovery obligations in this action, pursuant to the Rules and orders of Court by the disclosure of documents and other materials that show the involvement of and participation by

third-party defendants in those acts and omissions.

31.     Therefore, third-party defendants, and each of them, are liable for contribution to defendant/third-party plaintiff Richard Brenner as joint tortfeasors, and/or as indemnitors because of their primary responsibility for some or all of the alleged wrongdoing asserted against Mr. Brenner, if wrongdoing is determined to be, and/or to plaintiff Polybrite as principal offenders as the case may be if plaintiff Polybrite is entitled to judgment on the claims of its Complaint against Mr. Brenner.

## COUNT ONE - CONTRIBUTION

32.     Defendant/third-party plaintiff Richard Brenner incorporates Paragraphs 1 through 31 above, and the allegations of Count Two below, all as if fully alleged herein.

33.     Pursuant to the Illinois Joint Tortfeasors Contribution Act, 740 ILCS §100/1, *et seq.*, third-party defendants, and each of them, are liable for contribution for some or all of the claims asserted by plaintiff Polybrite against defendant/third-party plaintiff Richard Brenner.

34.     As for the claim of Conspiracy to Breach of Fiduciary Duty alleged in Count IV of Polybrite's Complaint, third-party defendants, and each of them, entered into agreements with defendants full well knowing the purpose, means and object of those agreements, as alleged by plaintiff Polybrite, and committed acts in furtherance of those agreements and supposed conspiracies, including those alleged herein and alleged in Polybrite's Complaint, and thereby knowingly engaged in the alleged conspiracy, if such it be, which plaintiff Polybrite alleges against defendant/third-party plaintiff Richard Brenner.

35.     As for the claim of Fraud alleged in Count V of Polybrite's Complaint, third-party defendants, and each of them, on or after November 14, 2007, knowingly aided and abetted the

alleged fraud by defendant/third-party plaintiff Richard Brenner with full and complete knowledge sufficient to constitute the required fraud. Third-party defendants, and each of them, were full well aware that if defendant/third-party plaintiff committed fraud, acting recklessly, and committed acts in furtherance of that supposed fraud, including those alleged herein and alleged in Polybrite's Complaint, and thereby knowingly and substantially assisted defendant/third-party plaintiff in the conduct which plaintiff alleges constitutes a fraud.

36.    As for the claim of Conspiracy to Commit Fraud alleged in Count VII, third-party defendants, and each of them, entered into agreements with defendant/third-party plaintiff Richard Brenner full well knowing the purpose, means and object of those agreements, as alleged by plaintiff Polybrite, and committed acts in furtherance of those agreements and supposed conspiracies, including those alleged herein and alleged in Polybrite's Complaint, and thereby knowingly and willfully engaged in the alleged conspiracy, if such it be, which plaintiff Polybrite alleges against defendant/third-party plaintiff Richard Brenner, and to the extent that Mr. Brenner is found to have acted recklessly or with a lesser degree of intent.

## COUNT TWO - INDEMNITY

37.    Defendant/third-party plaintiff incorporates Paragraphs 1 through 31, and the allegations of Count One above, all as if fully alleged herein.

38.    Plaintiff brings this Count against only Commercial Electric, LLC and Solid State Solutions, LLC, and each of them.

39.    On November 30, 2007, and then again on February 20, 2008, acting on behalf of Commercial Electric, LLC and Solid State Solutions, LLC, third-party defendant Bob Van Auken wrote to defendant/third-party plaintiff Richard Brenner the letters engaging him as a "consultant"

11

for the purpose of establishing such business relationships. (A copy of each of those letters are attached hereto.)

40.    By those letters, plaintiff Polybrite expressly and impliedly agreed that all the actions of defendant/third-party plaintiff, in the course of that relationship, would be for the benefit and purpose of Commercial Electric, LLC and Solid State Solutions, LLC.

41.    To that end, third-party defendants Commercial Electric, LLC and Solid State Solutions, LLC undertook certain actions regarding the development of a business in LED and solid state lighting that plaintiff Polybrite has alleged was improper in various regards.

42.    All the actions by defendant/third-party plaintiff Richard Brenner were undertaken fully and completely within the scope of the relationship established by those letters of engagement.

43.    Defendant/third-party plaintiff Richard Brenner undertook no independent actions of any kind without the express or implied authorization by third-party defendants Commercial Electric, LLC and Solid State Solutions, LLC.

44.    In fact, the individual third-party defendants Bob Van Auken, William Young, and Phil K. Gamache exercised full and complete control and supervision over defendant/third-party plaintiff Richard Brenner in whatever acts he undertook in accordance with the engagement reflected in those letters.

45.    In fact, defendant/third-party plaintiff was an employee of third-party defendants Commercial Electric, LLC and Solid State Solutions, LLC.

46.    On or about April 4, 2008, knowing of those facts and circumstances, defendants Commercial Electric, LLC, and/or Solid State Solutions, LLC, or each of them, acting through one or all of the individual third-party defendants, and knowing that they were obligated to indemnify

12

defendant/third-party plaintiff Brenner against Polybrite's claims herein, paid defendant/third-party

plaintiff $10,000 to cover part of the legal fees he had incurred in his defense against Polybrite's

Complaint.

47.     However, on grounds and for reasons unknown to defendant/third-party plaintiff

Brenner, soon after that date, third-party defendants froze defendant/third-party plaintiff Brenner out

of any further participation in the acts and omissions which are the subject of plaintiff Polybrite's

Complaint, and he thereafter became an entirely passive participant, or a non-participant, as the case

may be, in those acts and omissions.

48.     Specifically, third-party defendants instructed defendant/third-party plaintiff Richard

Brenner not to travel to Las Vegas for the annual lighting show at which Commercial Electric, LLC

and Solid State Solutions, LLC were approaching prospective customers regarding the products

which plaintiff Polybrite claims were improperly competitive to its products.

49.     Further, third-party defendants instructed defendant/third-party plaintiff Richard

Brenner that he was not to accompany them on an additional trip to China which the individual third-

party defendants in fact took along with defendant Paul Christensen.

50.     Further, third-party defendants instructed defendant/third-party plaintiff Richard

Brenner not to travel to the headquarters of third-party defendants for an important meeting to be

held at the beginning of June 2008, and defendant/third-party plaintiff Richard Brenner did not

attend that meeting.

51.     Subsequently, on June 5, 2008, third-party defendants terminated the employment of

defendant/third-party plaintiff Richard Brenner, and shortly thereafter tendered him a punitive

severance letter that would have substantially prejudiced him and released third-party defendants

from the liabilities asserted herein.

52.    In part, the severance agreement would have required defendant/third-party plaintiff Brenner to violate his discovery obligations in this case by impeding his ability to produce all documents and other things called for by discovery requests directed to him by plaintiff Polybrite.

53.    When defendant/third-party plaintiff refused to sign that agreement, further negotiations ensued on the severance agreement to no avail, in part because defendant/third-party plaintiff served formal demands upon third-party defendants for the contribution and indemnity asserted herein.

54.    As a result of those demands, on or about June 20, 2008, but without prior notice, and with the purpose and/or effect of interfering with defendant/third-party plaintiff Brenner's rights of contribution and indemnity, and for the further purpose and effect of interfering with the jurisdiction of this court to adjudicate those rights, and for the further purpose and effect of forcing defendant/third-party plaintiff Brenner to litigate in an inconvenient forum, and for the further purpose of preventing Mr. Brenner from fulfilling his discovery obligations in this lawsuit, third-party defendants Commercial Electric, LLC and Solid State Solutions, LLC filed an action in the Circuit Court of Pulaski County, Arkansas, *Commercial Electric, LLC v. Brenner*, No. CV08-708 (filed June 20, 2008), seeking in part a declaratory judgment that they were not liable to Mr. Brenner for contribution or indemnity.  Thereby, third-party defendants recognize and concede that there is a real and live controversy between them regarding their liability to Mr. Brenner for the contribution and indemnity sought herein.

55.    Although further negotiations and communications have occurred since June 20, 2008 between counsel for Mr. Brenner, on the one hand, and counsel for third-party defendants, on the

other hand, third-party defendants have not disclosed, and have further attempted to conceal, the filing and existence of that lawsuit, all apparently for improper tactical and other reasons unknown to Mr. Brenner.

56. Therefore, defendant/third-party plaintiff Richard Brenner is entitled to indemnification from third-party defendants Commercial Electric, LLC and Solid State Solutions, LLC which are the primary tortfeasors herein.

## PRAYER

WHEREFORE, defendant/third-party plaintiff prays for the entry of a decree:

(1) Finding that third-party defendants are liable to him for contribution to the extent of their culpability in the claims alleged by plaintiff Polybrite to the extent that judgment is entered in Polybrite's favor on those claims;

(2) Finding pursuant to Federal Rule of Civil Procedure 14(c)(2) that third-party defendants are liable to plaintiff Polybrite on those claims notwithstanding any liability that he may have;

(3) Finding that third-party defendants are liable to him as indemnitors of any damages awarded against him in favor of plaintiff Polybrite, and the costs, fees, and expenses of his defense of this action;

(4) Declaring a constructive trust on any and all assets or other things of value that third-party defendants may have obtained, or may obtain, as a result of the courses of conduct alleged to be improper by plaintiff Polybrite, and paying those things or their value to Polybrite in satisfaction of any judgment it may obtain on its Complaint;

(5) Awarding him the costs, expenses and attorneys fees he incurs in defending against

Polybrite's claims and in bringing this third-party action; and

(6)    Granting him such other relief that the Court finds just and appropriate in the premises.

Respectfully submitted,

_____

One of the attorneys for defendant Richard Brenner

Constantine John Gekas
GEKAS & ASSOCIATES, LTD.
Eleven South LaSalle Street, Suite 1700
Chicago, Illinois 60603
(312) 726-4501
(312) 726-4505 (Fax)

Mark J. Rose
LAW OFFICES OF MARK J. ROSE, ESQ.
200 W. Adams St., Suite 2850
Chicago, Illinois 60606
(312) 704-1446
(312) 704-8233 (Fax)

**EXHIBIT 1**



# COMMERCIAL ELECTRIC

February  20, 2008

Mr. Richard J. Brenner
372 Ameno Drive East
Palm Springs, California 92262

Dear Dick:

The purpose of this letter is to confirm our mutual understanding of your consulting
services to Commercial Electric.  You were engaged in November 2007 as a full time
consultant to perform in the capacity of Director of Operations for Commercial Electric's
subsidiary, Solid State Solutions, LLC.  Commercial Electric has agreed to pay you at the
rate of $180,000 annually plus all approved out-of-pocket expenses, including $1,300 per
month for health insurance premiums.

As we have previously discussed, we expect that this consulting assignment will
transition into full time employment with Solid State Solutions.

In addition, we recognize that either under your current role as a consultant, or as a full
time employee, that you will carry out such responsibilities while residing in Southern
California.

Sincerely,

Bob Van Auken
President
Solid State Solutions, LLC
Executive Vice President
Commercial Electric



**COMMERCIAL
ELECTRIC**

November 30, 2007

Mr. Richard J. Brenner
372 Ameno Drive East
Palm Springs, California  92262

Dear Dick,

The purpose of this letter is to confirm Commercial Electric's offer to engage you as a consultant for preparing the business plan and for assisting us in performing the due diligence for forming Solid State Solutions, LLC (SSS).

Commercial Electric agrees to pay you a consulting fee equal to $100,000 annually and to reimburse you for all approved, out of pocket expenses that you incur in performing this assignment.  The consulting agreement will terminate upon the completion of the due diligence process, at which time we fully expect to launch SSS.

Upon the successful launch of SSS, we agree to negotiate the terms of full time employment with SSS.

If you have any questions, please give me a call.  We are excited about the future of SSS and the team of professionals we are assembling to manage it.


Sincerely,

Bob Van Auken
Executive Vice President
Commercial Electric, LLC