IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| POLYBRITE INTERNATIONAL, INC., ) | |
| Plaintiff, ) | |
| v. ) | Case No. 08 C 1797 |
| RICHARD BRENNER, PAUL ) | |
| CHRISTENSEN, and CHEE NGON ) | Hon. Nan R. Nolan, Magistrate Judge |
| WONG, ) | Hon. Robert W. Gettleman, Presiding Judge |
| Defendants. ) | |
| RICHARD BRENNER, ) | |
| Third-Party Plaintiff, ) | |
| v. ) | |
| COMMERCIAL ELECTRIC, LLC; ) | |
| SOLID STATE SOLUTIONS, LLC; ) | |
| PHIL K. GAMACHE; BOB VAN ) | |
| AUKEN; and WILLIAM YOUNG, ) | |
| Third-Party Defendants. ) | |

**MOTION OF RICHARD BRENNER (1) TO JOIN IN PAUL CHRISTENSEN'S MOTION FOR ORDER COMPELLING DISCOVERY AND FOR SUPPLEMENTAL DISCOVERY AND (2) TO COMPEL COMPLIANCE WITH BRENNER'S DOCUMENT PRODUCTION REQUEST**

Defendant/Third-Party Plaintiff Richard Brenner ("Brenner") by and through his attorneys, Mark J. Rose and Constantine John Gekas, moves this Court (1) for leave to join in the *Motion for Order Compelling Discovery and for Supplemental Discovery* ("Motion for Order Compelling Discovery") of Defendant Paul Christensen ("Christensen") which was filed with this Court on July 31, 2008 and (2) to compel Plaintiff PolyBrite International, Inc. ("PolyBrite") to comply with Brenner's Document Production Request No. 9. In support of such Motion, Brenner respectfully states as follows:

1. Christensen's Motion for Order Compelling Discovery, among other things, seeks entry of an order compelling PolyBrite to answer certain discovery which has been propounded by Christensen. Brenner joins in and supports such Motion.

2. On April 7, 2008, Brenner's counsel served *Defendant Richard Brenner's First*

*Request for Production to Plaintiff* ("Production Request") upon PolyBrite's counsel. A copy of Brenner's Production Request is attached hereto as Exhibit "A."

3. Brenner's Production Request No. 9 requests the following documents:

The financial statements, including but not limited to balance sheets, income statements, profit and loss statements, cash flow statements, and any accountant's report for plaintiff Polybrite for 2006 and 2007 [the "Requested Documents"].

4. PolyBrite has objected to this request on the grounds that it is not relevant and not calculated to lead to any relevant information. PolyBrite also contends that this request calls for the production of confidential and proprietary information. A copy of *Plaintiff's Answers to Defendant Richard Brenner's First Set of Requests for Production* is attached hereto as Exhibit "B."

5. On June 23, 2008, Constantine John Gekas, one of Brenner's attorneys herein, sent PolyBrite's counsel a letter requesting that the Requested Documents be produced and explaining the relevance of such documents. A true and correct copy of Mr. Gekas' June 23, 2008 letter is attached hereto as Exhibit "C."

6. Your movant certifies that, in accordance with Local Rule 37.2, on July 21, 2008, Brenner's attorneys, Mr. Gekas and the undersigned, in good faith, conferred by telephone with PolyBrite's attorneys, William G. Sullivan and Mason N. Floyd, in an effort to secure the Requested Documents without court action.

7. Despite Mr. Gekas' June 23, 2008 letter and the July 21, 2008 telephone conference, PolyBrite has failed and refused to produce the Requested Documents.

8. Plaintiff's objections to Brenner's Production Request No. 9 are frivolous for two reasons. First, the Requested Documents are relevant and material to Brenner's defense in this case. It is Brenner's contention that PolyBrite has sustained no damages resulting from Brenner's conduct because PolyBrite was insolvent and was unable to transact business during the period in which it is

alleged that Brenner's actions interfered with PolyBrite's business operations. In Brenner's Affirmative Defenses to PolyBrite's Complaint, Brenner has alleged that, at all relevant times, (a) PolyBrite was experiencing chronic financial difficulties, (b) PolyBrite was unable to reimburse its employees for expenses, (c) PolyBrite's key suppliers had not been paid and they were refusing to provide PolyBrite with products, (d) prototypes of PolyBrite's products were not available for customer evaluation, (e) business travel for PolyBrite's sales staff was at a standstill, and (f) PolyBrite's creditors were calling for payment on a daily basis.

9. Second, since the parties have agreed to a Protective Order, PolyBrite is not entitled to withhold the Requested Documents on the grounds that they are proprietary and confidential.

10. Accordingly, PolyBrite should be compelled to comply with Brenner's Production Request No. 9 and the Requested Documents should be made available for inspection by Brenner's counsel forthwith.

WHEREFORE, Defendant/Third-Party Plaintiff Richard Brenner prays for the entry of an order granting Defendant Paul Christensen's Motion for Order Compelling Discovery; compelling Plaintiff PolyBrite International, Inc. to comply with Brenner's Production Request No. 9 forthwith; and for such further relief as to this Court shall seem just and proper.

Respectfully submitted,

By: _____
One of the attorneys for Richard Brenner

Mark J. Rose, Esq.
LAW OFFICES OF MARK J. ROSE
200 W. Adams Street, Suite 2850
Chicago, Illinois 60606
Tel: 312.704.1446
Fax: 312.704.8233
MJRoseEsq@aol.com

Constantine John Gekas, Esq.
GEKAS & ASSOCIATES, LTD.
11 S. LaSalle Street, Suite 1700
Chicago, Illinois 60603
Tel: 312.726.4501
Fax: 312.726.4505
CJG@cjglaw.com

## CERTIFICATE OF SERVICE

The undersigned certifies that the *Motion of Richard Brenner (1) to Join In Paul Christensen's Motion for Order Compelling Discovery and for Supplemental Discovery and (2) to Compel Compliance with Brenner's Document Production Request* was filed electronically with the Court on August 1, 2008. Notice of this filing will be sent by operation of the Court's electronic filing system to all ECF registered parties indicated below. Parties may access this filing through the Court's CM/ECF system.

**Counsel for Plaintiff PolyBrite International, Inc.**

William G. Sullivan, Esq.
Mason N. Floyd, Esq.
MARTIN, BROWN & SULLIVAN
321 S. Plymouth Court, 10th Floor
Chicago, Illinois 60604
Tel: 312.360.5000
Fax: 312.360.5026
sullivan@mbslaw.com
floyd@mbslaw.com

**Counsel for Defendant Paul Christensen**

Sigi M. Offenbach, Esq.
PITLER & MANDELL
39 South LaSalle Street
Suite 1220
Chicago, Illinois 60603
Tel: 312.782.9466
Fax: 312.782.3493
sigi@pitlerandmandell.com

**Counsel for Third-Party Defendants Commercial Electric, LLC; Solid State Solutions, LLC; Phil K. Gamache; Bob Van Auken; and William Young**

Amy Lee Stewart, Esq.
Joi Leonard, Esq.
ROSE LAW FIRM
120 East Fourth St.
Little Rock, Arkansas 72201
Tel: 501.375.9131
Fax: 501.375.1309
astewart@roselawfirm.com
jleonard@roselawfirm.com

Thomas F. Falkenberg, Esq.
R. Michael McCann, Esq.
WILLIAMS, MONTGOMERY & JOHN
20 North Wacker Drive, Suite 2100
Chicago, Illinois 60606-3094
Tel: 312.443.3200
Fax: 312.630.8540
tff@willmont.com
rmm@willmont.com

_____
Mark J. Rose, Esq.

Mark J. Rose, Esq.
LAW OFFICES OF MARK J. ROSE
200 W. Adams Street, Suite 2850
Chicago, Illinois 60606
Tel: 312.704.1446
Fax: 312.704.8233
MJRoseEsq@aol.com

Constantine John Gekas, Esq.
GEKAS & ASSOCIATES, LTD.
11 S. LaSalle Street, Suite 1700
Chicago, Illinois 60603
Tel: 312.726.4501
Fax: 312.726.4505
CJG@cjglaw.com

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
Eastern Division

| | | |
|---|---|---|
| POLYBRITE INTERNATIONAL, INC., an Illinois corporation, | ) ) ) | |
| Plaintiff, | ) ) ) ) | |
| v. | ) ) | No. 08 C 1797 |
| RICHARD BRENNER, PAUL CHRISTENSEN, and CHEE NGON WONG, | ) ) ) ) | Hon. Robert W. Gettleman, Presiding Judge Hon. Nan R. Nolan, Magistrate Judge |
| Defendants. | ) | |

### DEFENDANT RICHARD BRENNER'S FIRST REQUEST
### FOR PRODUCTION TO PLAINTIFF

Defendant Richard Brenner hereby propounds the following Requests for Production to be responded to by the actual physical production of the requested materials no later than close of business April 8, 2008:

Produce any and all files, records, documents, emails, or other things of any kind whatsoever, including anything existing, stored or maintained in electronic or magnetic form, relating or pertaining in any way to the following:

1.  Defendant Richard Brenner's First Set of Interrogatories and any and all answers to any and all of those interrogatories;

2.  All Exhibits or other documents or things which plaintiff will seek to introduce or otherwise use during the preliminary injunction hearing;

3.  Any file, record, document or other thing of any kind related or pertaining in any way to any allegation of the Complaint;

4.  Any lawsuit or other proceeding, including any arbitration, pending between

EXHIBIT "A"

        Commercial Electric and plaintiff, including the action recently filed by Commercial Electric in Arkansas;

5. Any lawsuit or other proceeding, including any arbitration, pending between Westinghouse and plaintiff;

6. The personnel files of defendants Richard Brenner, Paul Christensen and Chee Ngon Wong;

7. The termination of defendant Richard Brenner's employment with Polybrite, the reasons for that termination, the method by which that termination was accomplished, and all persons involved in the decision to terminate;

8. All expenses incurred by defendants Richard Brenner, Paul Christensen and CN Wong, and all documents showing the reimbursement or failure to reimburse them for those expenses;

9. The financial statements, including but not limited to balance sheets, income statements, profit and loss statements, cash flow statements, and any accountant's report for plaintiff Polybrite for 2006 and 2007;

10. Wellstar Electronics including but not limited to all accounts payable to Wellstar Electronics (or to any related person or entity) by plaintiff Polybrite, non-payment by Polybrite of any accounts payable, or overdue accounts of amounts owing by Polybrite at any time, the refusal of Wellstar to return to Polybrite any of Plaintiff's property and/or the reasons for that refusal;

11. Communications between defendants Richard Brenner, Paul Christensen and CN Wong, or any of them, on the one hand, and Wellstar Electronics or any related person or entity, on the other hand;

12. The formation of CDW Lighting Technologies, including but not limited to defendant Richard Brenner's alleged involvement therein;

13. Any involvement by Richard Brenner in the operation of CDW Lighting Technologies;

14. The 2007 Guanzhou Light Fair referred to in the Complaint, including but not limited to all documents related to Polybrite's registration for that Fair, deposits which were required to be made in order to be an exhibitor at such Fair, its payment of any fees or deposits, the dates when such deposits were required to be made, Polybrite's failure to make any such payments and its decision not to exhibit at the Fair, and the allegation that defendants Richard Brenner and CN Wong dissuaded or attempted to dissuade Polybrite from attending or exhibiting at that Fair;

15. The relationship between Polybrite, Commercial Electric and Dillards, including but not limited to the allegation that defendants or some of them subverted that relationship;

16. The November 28, 2007 meeting in Little Rock, Arkansas, allegedly hosted by Commercial Electric at which defendant Richard Brenner was allegedly in attendance;

17. Communications between defendants Richard Brenner, Paul Christensen and CN Wong, or any of them, on the one hand, and Commercial Electric or any related person or entity, on the other hand;

18. Any solicitation by defendant Richard Brenner of any customer or prospective customer of Polybrite since his employment with Polybrite was terminated;

19. Any email account of defendant Richard Brenner, including the emails and emailing,

as alleged in Paragraphs 78, 79 and 81 of the Complaint;

20. The alleged removal by defendant Richard Brenner of materials from his office, as alleged by Paragraph 80 of the Complaint, including any authorizations for him to remove his laptop and any other things from his office and retain them;

21. Email communications between defendants Richard Brenner and CN Wong, including but not limited to those alleged in Paragraph 79 of the Complaint;

22. Any deletions of emails by Richard Brenner including but not limited to those alleged in Paragraph 81 of the Complaint;

23. Intellectual property rights owned by Polybrite, including but not limited to all patents, trademarks and copyrights;

24. Any and all relationships between Commercial Electric and plaintiff and any communications between them; and

25. Any confidential or proprietary information communicated to defendant Richard Brenner during his employment with Polybrite.

Respectfully submitted,

_____
One of the attorneys for Richard Brenner

Constantine John Gekas, Esq.
GEKAS & ASSOCIATES, LTD.
11 S. LaSalle St., Suite 1700
Chicago, Illinois 60603
312.726.4501
312.726.4505 (fax)
CJG@cjglaw.com

Mark J. Rose, Esq.
LAW OFFICES OF MARK J. ROSE
200 W. Adams Street, Suite 2850
Chicago, Illinois 60606
312.704.1446
312.704.8233 (Fax)
MJRoseEsq@aol.com

## CERTIFICATE OF SERVICE

I certify that on ___4/7/08___, a copy of the foregoing and the document(s) referred to therein were served by facsimile, email and Messenger Delivery upon the following counsel of record:

William G. Sullivan
Mason N. Floyd
MARTIN, BROWN & SULLIVAN
321 S. Plymouth Court, 10th Floor
Chicago, IL 60604
sullivan@mbslaw.com
floyd@mbslaw.com

Counsel for plaintiff Polybrite International, Inc.

Sigi M. Offenbach
Pitler & Mandell
39 South LaSalle Street
Suite 1220
Chicago, IL 60603
(312) 782-9466
sigi@pitlerandmandell.com

Counsel for defendant Paul Christensen

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| POLYBRITE INTERNATIONAL, INC., an Illinois Corporation, )<br>)<br>) | |
| ) | No. 08 C 1797 |
| Plaintiff, ) | |
| ) | Hon. Robert W. Gettleman |
| v. ) | Judge Presiding |
| ) | |
| RICHARD BRENNER, an individual, ) | Hon. Nan R. Nolan, |
| PAUL CHRISTENSEN, an individual, and ) | Magistrate Judge |
| CHEE NGON WONG, an individual, ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF'S ANSWERS TO DEFENDANT**
**RICHARD BRENNER'S FIRST SET OF REQUESTS FOR PRODUCTION**

Plaintiff, PolyBrite International, Inc., by and through its attorneys, as and for its Answers to Defendant Richard Brenner's First Set of Requests for Production, states as follows:

Produce any and all files, records, documents, emails, or other things of any kind whatsoever, including anything existing, stored or maintained in electronic or magnetic form, relating or pertaining in any way to the following:

 1. Defendant Richard Brenner's First Set of Interrogatories and any and all answers to any and all of those interrogatories;

**Answer:**

See Plaintiff's Answers to Defendant Richard Brenner's First Set of Interrogatories produced herewith.

 2. All Exhibits or other documents or things which plaintiff will seek to introduce or otherwise use during the preliminary injunction hearing;

EXHIBIT "B"

**Answer:**

Documents upon which plaintiff relied have already been produced. This request is moot.

    3.    Any file, record, document or other thing of any kind related or pertaining in any way to any allegation of the Complaint;

**Answer:**

Objection. This request is overly broad and unduly burdensome.

    4.    Any lawsuit or other proceeding, including any arbitration, pending between Commercial Electric and plaintiff, including the action recently filed by Commercial Electric in Arkansas;

**Answer:**

See documents previously produced bearing Bates labels PB1 to 15. See documents bearing Bates labels PB1077 to 1080 produced herewith.

    5.    Any lawsuit or other proceeding, including any arbitration, pending between Westinghouse and plaintiff;

**Answer:**

These documents are available for inspection and copying upon reasonable notice at the law offices of Chuck Bretz and Associates, P.C., 58 North Chicago Street, 2nd Floor, Joliet, Illinois 60432.

    6.    The personnel files of defendants Richard Brenner, Paul Christensen and Chee Ngon Wong;

**Answer:**

These documents will be made available for inspection and copying upon reasonable notice at the corporate offices of PolyBrite at 1751 West Diehl Road Suite 400, Naperville, Illinois 60563.

7. The termination of defendant Richard Brenner's employment with Polybrite, the reasons for that termination, the method by which that termination was accomplished, and all persons involved in the decision to terminate;

**Answer:**

See documents previously produced bearing Bates labels PB578 to 584, PB734 to 741, PB934 to 938, PB941 to 948, PB966 to 967, PB1004 to 1011 and Exhibit No. 21 as marked at the depositions previously taken.

8. All expenses incurred by defendants Richard Brenner, Paul Christensen and CN Wong, and all documents showing the reimbursement or failure to reimburse them for those expenses.

**Answer:**

These documents are available for inspection and copying upon reasonable notice and request at the corporate offices of PolyBrite at 1751 West Diehl Road Suite 400, Naperville, Illinois 60563.

See documents previously produced bearing Bates labels PB183 to 188, PB160 to 163, PB616 to 620, PB627 to 631, PB888, PB899 to 900, PB920, PB933 and PB955 to 956.

Also see electronic documents in corresponding file on disc labeled "PolyBrite Responses to Defendants' Discovery Requests 6/13/08" produced herewith.

9. The financial statements, including but not limited to balance sheets, income statements, profit and loss statements, cash flow statements, and any accountant's report for plaintiff Polybrite for 2006 and 2007;

**Answer:**

Objection. This request is not relevant and not calculated to lead to any relevant information. In addition, it calls for the production of confidential and

3

proprietary information.

    10.    Wellstar Electronics including but not limited to all accounts payable to Wellstar Electronics (or to any related person or entity) by plaintiff Polybrite, non-payment by Polybrite of any accounts payable, or overdue accounts of amounts owing by Polybrite at any time, the refusal of Wellstar to return to Polybrite any of Plaintiff's property and/or the reasons for that refusal;

**Answer:**

These documents will be made available for inspection and copying upon reasonable notice at the corporate offices of PolyBrite at 1751 West Diehl Road Suite 400, Naperville, Illinois 60563. See documents previously produced bearing Bates labels PB1024 to 1043, PB1051 to 1063 and PB1068 to 1069.

    11.    Communications between defendants Richard Brenner, Paul Christensen and CN Wong, or any of them, on the one hand, and Wellstar Electronics or any related person or entity, on the other hand;

**Answer:**

See documents previously produced bearing Bates labels PB189 to 201.

Also see electronic documents in corresponding file on disc labeled "PolyBrite Responses to Defendants' Discovery Requests 6/13/08" produced herewith.

    12.    The formation of CDW Lighting Technologies, including but not limited to defendant Richard Brenner's alleged involvement therein;

**Answer:**

See documents previously produced bearing Bates labels PB29 to 39, PB131 to 148, PB149 to 150, PB175 to 176, PB182, PB256 to 295, PB770 to 785, PB833 to 835, PB837 to 843, PB874 and Exhibits 6, 8 and 11 as attached to the Verified Complaint for Injunctive and Other Relief.

4

Also see electronic documents in corresponding file on disc labeled "PolyBrite Responses to Defendants' Discovery Requests 6/13/08" produced herewith.

    13.    Any involvement by Richard Brenner in the operation of CDW Lighting Technologies;

**Answer:**

See Plaintiff's Answer to Document Request No. 12 above.

    14.    The 2007 Guanzhou Light Fair referred to in the Complaint, including but not limited to all documents related to Polybrite's registration for that Fair, deposits which were required to be made in order to be an exhibitor at such Fair, its payment of any fees or deposits, the dates when such deposits were required to be made, Polybrite's failure to make any such payments and its decision not to exhibit at the Fair, and the allegation that defendants Richard Brenner and CN Wong dissuaded or attempted to dissuade Polybrite from attending or exhibiting at that Fair;

**Answer:**

See documents previously produced bearing Bates labels PB221 to 223, PB227 to 228, PB255, PB1049 to 1050 and PB856 to 868.

See documents bearing Bates labels PB1073 to 1076 produced herewith.

Also see electronic documents in corresponding file on disc labeled "PolyBrite Responses to Defendants' Discovery Requests 6/13/08" produced herewith.

    15.    The relationship between Polybrite, Commercial Electric and Dillards, including but not limited to the allegation that defendants or some of them subverted that relationship;

**Answer:**

See documents previously produced bearing Bates labels PB16 to 19, PB40, PB154 to 155, PB177 to 178, PB921 to 927, PB932, PB957 and Exhibit 13 as attached to the Verified Complaint for Injunctive and Other Relief.

See document bearing Bates label PB1081 produced herewith.

Also see electronic documents in corresponding file on disc labeled "PolyBrite Responses to Defendants' Discovery Requests 6/13/08" produced herewith.

    16.    The November 28, 2007 meeting in Little Rock, Arkansas, allegedly hosted by Commercial Electric at which defendant Richard Brenner was allegedly in attendance;

**Answer:**

See Declaration of Pat Mullins as attached to the Verified Complaint for Injunctive and Other Relief and the deposition transcripts of Defendants Brenner and Christensen.

    17.    Communications between defendants Richard Brenner, Paul Christensen and CN Wong, or any of them, on the one hand, and Commercial Electric or any related person or entity, on the other hand;

**Answer:**

See documents previously produced bearing Bates labels PB177 to 178, PB296 to 350, PB354 to 357, PB886 to 887, PB904 to 916 and PB930 to 932.

Also see electronic documents in corresponding file on disc labeled "PolyBrite Responses to Defendants' Discovery Requests 6/13/08" produced herewith.

    18.    Any solicitation by defendant Richard Brenner of any customer or prospective customer of Polybrite since his employment with Polybrite was terminated;

**Answer:**

See documents previously produced bearing Bates labels PB359 to 360 and PB376.

    19.    Any email account of defendant Richard Brenner, including the emails and emailing, as alleged in Paragraphs 78, 79 and 81 of the Complaint;

6

**Answer:**

See documents previously produced bearing Bates labels PB101 to 130.

Also see electronic documents in corresponding file on disc labeled "PolyBrite Responses to Defendants' Discovery Requests 6/13/08" produced herewith.

    20.    The alleged removal by defendant Richard Brenner of materials from his office, as alleged by Paragraph 80 of the Complaint, including any authorizations for him to remove his laptop and any other things from his office and retain them;

**Answer:**

See documents previously produced bearing Bates labels PB583 to 584, PB934 to 938 and Exhibit 21 as marked at the depositions previously taken.

    21.    Email communications between defendants Richard Brenner and CN Wong, including but not limited to those alleged in Paragraph 79 of the Complaint;

**Answer:**

See documents previously produced bearing Bates labels PB45 to 100.

Also see electronic documents in corresponding file on disc labeled "PolyBrite Responses to Defendants' Discovery Requests 6/13/08" produced herewith.

    22.    Any deletions of emails by Richard Brenner including but not limited to those alleged in Paragraph 81 of the Complaint;

**Answer:**

In order to determine what, if any, emails were deleted by Richard Brenner, plaintiff needs to inspect the computer taken by Defendant Brenner from PolyBrite on November 14, 2007.

    23.    Intellectual property rights owned by Polybrite, including but not limited to all patents, trademarks and copyrights;

**Answer:**

These documents will be made available for inspection and copying upon reasonable notice at the corporate offices of PolyBrite at 1751 West Diehl Road Suite 400, Naperville, Illinois 60563.

24. Any and all relationships between Commercial Electric and plaintiff and any communications between them; and

**Answer:**

See documents previously produced bearing Bates labels PB679 to 686, PB688 to 699, PB932, PB939 to 940, PB957, PB970 to 971 and Exhibit 13 as attached to the Verified Complaint for Injunctive and Other Relief.

See Plaintiff's Answer to Document Request No. 17 above.

25. Any confidential or proprietary information communicated to defendant Richard Brenner during his employment with Polybrite.

**Answer:**

Objection. Overly broad and unduly burdensome. Defendant had access to all information at the company, including, but not limited to, that which is described in plaintiff's answer to interrogatory no. 3.

Respectfully submitted,

POLYBRITE INTERNATIONAL, INC.

By: _____Mason N. Floyd_____
One of Its Attorneys

William G. Sullivan
Mason N. Floyd
MARTIN, BROWN & SULLIVAN, LTD.
321 South Plymouth Court, 10th Floor
Chicago, Illinois 60604
(312) 360-5000

**CERTIFICATE OF SERVICE**

The undersigned, under penalties of perjury, hereby certifies that she caused copies of the foregoing Plaintiff's Answers to Defendant Richard Brenner's First Set of Requests for Production to be served upon:

Mark J. Rose, Esq.
Law Offices of Mark J. Rose
200 West Adams Street
Suite 2850
Chicago, Illinois 60606
MJRoseEsq@aol.com

Sigi M. Offenbach, Esq.
Pitler & Mandell
39 South LaSalle Street
Suite 1220
Chicago, Illinois 60603
sigi@pitlerandmandell.com

by personal delivery this 13th day of June, 2008.

_____
Mary Menas

GEKAS & ASSOCIATES, LTD.
Attorneys at Law
Suite 1700
Eleven South La Salle Street
Chicago, Illinois 60603
(312) 726-4501

Telefax: (312) 726-4505

June 23, 2008

William G. Sullivan
Mason N. Floyd
MARTIN, BROWN & SULLIVAN, LTD.
321 South Plymouth Court, 10th Floor
Chicago, IL 60604

> Re: *Polybrite International, Inc. v. Richard Brenner, et al.*, Case No. 08 C 1797 in the United States District Court for the Northern District of Illinois

Counsel:

We have reviewed your client's discovery answers and find them seriously insufficient, indeed frivolous, in regard to some of the central issues of this case.

This letter will begin our consultations required by Local Rule 37.2.

**Production Requests:**

Request No. 9 requests the following documents and other things:

9. The financial statements, including but not limited to balance sheets, income statements, profit and loss statements, cash flow statements, and any accountant's report for plaintiff Polybrite for 2006 and 2007.

Your response is an objection based on relevance and confidentiality.

Both grounds are frivolous. Your Complaint and our Answer clearly raise Polybrite's financial condition as a materially disputed factual issue in this case. Our initial review of your document production shows that throughout 2006 and 2007, Polybrite was seriously in arrears on its accounts payable to at least one of its principal suppliers and was apparently cut off by that supplier in the production and delivery of Polybrite products. These facts tend to prove that Polybrite was insolvent and not in fact transacting business during the precise period that you allege Mr. Brenner's actions interfered with its business operations.

We are also not aware of any doctrine supporting your refusal to produce these materials on the grounds that they involve "confidential or proprietary information."

**Interrogatory Answers:**

Interrogatory No. 3 asks the following:

EXHIBIT "C"

William G. Sullivan
Mason N. Floyd
June 23, 2008

      3.      Identify and state with specificity any and all "non-public, confidential or proprietary information" which plaintiff contends falls within Paragraph (a) of either the Temporary Restraining Orders entered on March 31, 2008 or April 4, 2008, and state which information defendant Richard Brenner had in his possession or used, and when and how that information was used.

Your client's answer merely generally lists virtually all its business information and is obviously and woefully inadequate; indeed, such an answer is frivolous.

Mr. Brenner cannot be expected to know what information was covered by the TROs and is covered by the same paragraph of the Preliminary Injunction if you and the plaintiff do not know and cannot specify that information. It is also unacceptable for your client to have sought and obtained relief based on the allegations that Mr. Brenner misused such information when in fact your client is unable to identify specifically what information he supposedly misused.

In sum, these discovery responses are unacceptable.

This will request and demand that these discovery requests be properly and completely answered by next Monday, June 30, 2008.

                                                                              Sincerely,

                                                                              Constantine John Gekas

CJG:ab

EXHIBIT "C"