Disqual Mot - The Rose Law Firm - Mem.wpd

# UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| POLYBRITE INTERNATIONAL, INC., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) No. 08 C 1797 |
| | ) |
| RICHARD BRENNER, | ) Hon. Robert W. Gettleman |
| PAUL CHRISTENSEN, and | ) |
| CHEE NGON WONG, | ) |
| | ) |
| Defendants. | ) |
| ------------------------------------------------------------ | ) |
| | ) |
| RICHARD BRENNER, | ) |
| | ) |
| Third-Party Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| COMMERCIAL ELECTRIC, LLC, an Arkansas | ) |
| limited liability company; | ) |
| SOLID STATE SOLUTIONS, LLC, an Arkansas | ) |
| limited liability company; | ) |
| PHIL K. GAMACHE; BOB VAN AUKEN; and | ) |
| WILLIAM YOUNG, | ) |
| | ) |
| Third-Party Defendants. | ) |

## MEMORANDUM OF DEFENDANT THIRD-PARTY PLAINTIFF BRENNER
## IN SUPPORT OF HIS
## OBJECTION TO *PRO HAC VICE* APPEARANCE OF AMY STEWART AND JOI L.
## LEONARD AND HIS MOTION TO DISQUALIFY

Defendant/Third-Party Plaintiff Richard Brenner files this brief Memorandum of Law in

support of his Objection to the *pro hac vice* appearance herein of Amy Stewart, Joi Leonard, or any

attorney from The Rose Law Firm, and his Motion to Disqualify those attorneys from appearing

herein.

## INTRODUCTION

Mr. Brenner reluctantly objects to the participation of these attorneys.

He does so only because (1) Ms. Stewart at least impliedly represented him in connection with this case due to her representation of third-party defendant Commercial Electric, LLC, (and the other third-party defendants) before Mr. Brenner brought them into this action, and (2) on April 14, 2008, the day the Preliminary Injunction was entered in this case, she attended that Court hearing and later met with Mr. Brenner's counsel and counsel for co-defendant Paul Christensen, agreed to be bound by the "common interest doctrine" and learned important confidential and privileged information regarding Mr. Brenner's and Mr. Christensen's defense, all at the time that it now seems clear third-party defendants were planning to fire Mr. Brenner from his positions as Vice President, Director of Operations, and Consultant, a plan that Ms. Stewart was likely involved in.

1.    **Mr. Brenner attempted to resolve this dispute informally before filing this Objection/Motion.**

Mr. Brenner notes that before filing this Objection and on July 30, 2008, Mr. Brenner's counsel orally and in writing informed R. Michael McCann, third-party defendants' Local Counsel, that Ms. Stewart could not appear in this action because of these circumstances.[1]

Mr. Brenner's counsel's written objection (as part of an email that included other important matters) was as follows:

> Finally, we do not believe that Ms. Stewart or her firm can enter an appearance in this case because she met with us in April at Mark Rose's office and learned of our confidential strategies and impressions. If she persists in her Motion to Appear pro hac vice, we will be forced to object. We intend to file a pro forma objection today

---

[1] Mr. Brenner's counsel had previously expressed to Ms. Stewart their extreme displeasure that she participated in a meeting with them and learned confidential information when it is now apparent that her company clients were substantially adverse to Mr. Brenner and planning to fire him.

2

to try to prevent the order being routinely granted so that we can consider the matter in due and prompt course.

We look forward to hearing from you promptly.  (I am copying Ms. Stewart on this email as well.)

Mr. McCann's response was as follows:

Lastly, we don't see any basis for you to object to Ms. Stewart's admission for this case.

Mr. Brenner's counsel attempted to confer with Ms. Stewart on this and the other important matters, but she did not respond to either the email or a phone call to her Legal Assistant.  In the phone call with Mr. Brenner's counsel before sending his email, Mr. McCann declined to say whether he had conferred with Ms. Stewart on this and other matters.

### 2.    There are substantial grounds to disqualify Ms. Stewart and the lawyers from her firm.

*Introduction* – Mr. Brenner sought to informally resolve this dispute, because he recognizes the heavy burden he must bear to establish grounds for disqualification.  Disqualification is a drastic measure that the courts should impose only when absolutely necessary.  *Owen v. Wangerin*, 985 F.2d 312, 317 (7th Cir. 1993); *Weeks v. Samsung Heavy Industries Co.*, 909 F. Supp. 582, 583 (N.D. Ill. 1996).  The movant has the burden of establishing facts requiring disqualification.  Mr. Brenner also understands that the Seventh Circuit has taught that an attorney should be disqualified "only when absolutely necessary."  *Owen v. Wangerin*, 985 F.2d 312, 317 (7th Cir. 1993) (quoting *Schiessle v. Stephens*, 717 F.2d 417 (7th Cir. 1983)).

The applicable Rules are the Rules of Professional Conduct of this Court "operate to enforce the basic prohibition against an attorney using a client's confidential information against that client and on behalf of another client." *Livers v. Wu*, 6 F. Supp. 2d 921, 925 (N.D. Ill. 1998 ) (Judge Hart),

3

quoting *Analytica, Inc. v. NPD Research, Inc.*, 708 F.2d 1263, 1266 (7th Cir. 1983).

*Rules of Professional Conduct 83.51.7-10* – *Westinghouse Elec. Corp. v. Gulf Oil Corp.*, 588 F.2d 221, 225 (7th Cir. 1978), *overruled on other grounds*, *Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 373 (1981), held that

> [D]isqualification questions require three levels of inquiry. Initially, the trial judge must make a factual reconstruction of the scope of prior legal representation. Second, it must be determined whether it is reasonable to infer that the confidential information allegedly given would have been given to a lawyer representing a client in those matters. Finally, it must be determined whether that information is relevant to the issues raised in the litigation pending against the former client.[2]

Mr. Brenner respectfully submits that it is absolutely clear that the scope of the representation by Ms. Stewart and her firm of third-party defendants prior to their being brought into this case included the representation of Mr. Brenner who at the time was the Vice President, Director of Operations, and Consultant of defendants Commercial Electric, LLC and/or Solid State Solutions, LLC, and who was accused by plaintiff Polybrite of improper acts allegedly committed in the scope of his actions in those capacities for those entities.

*Implied Attorney/Client Relationship* – At the very least, there was an implied attorney/client relationship because in meeting with Ms. Stewart on April 14 and sharing sensitive, confidential and privileged information with her, Mr. Brenner's counsel understood that she was also acting as Mr. Brenner's attorney in the course of her representation of her company clients. This falls within the rule that even absent a formal attorney/client arrangement, there are circumstances in which a relationship will be implied and the attorney found to owe fiduciary obligations to the layperson. *Westinghouse Electric v. Kerr-McGee Corp.*, 580 F.2d 1311 at 1319. In order to establish an implied

---

[2] *Westinghouse* was decided under a prior version of the Rules of Professional Conduct of this Court.

attorney-client relationship, it must be shown that the client believed that he or she was represented by the attorney. In other words, the privilege of attorney-client communications arises only when the client has manifest an intention to seek legal advice or consult with the attorney in that capacity. *Livers*, 6 F. Supp. 2d at 926, citing *Westinghouse Electric,* 580 F.2d at 1319; and *Int'l Paper Co. v. Lloyd Manuf. Co.*, 555 F. Supp. 125, 131 (N.D. Ill. 1982) (Judge Hart).

*Rule of Professional Conduct 83.51.6* – Even if it were to be found that there was neither an actual or implied attorney/client relationship between Mr. Brenner and Ms. Stewart, her representation of third-party defendants in this action would be barred under the "common interest doctrine."

*Confidentiality/Common interest doctrine* – The joint defense privilege, more properly identified as the "common interest rule," is "an extension of the attorney client privilege," *Waller v. Financial Corp. of Am.,* 828 F.2d 579, 583 n. 7 (9th Cir. 1987). It serves to protect the confidentiality of communications passing from one party to the attorney for another party where a joint defense effort or strategy has been decided upon and undertaken by the parties and their respective counsel. *United States v. Evans*, 113 F.3d 1457, 1467 (7th Cir. 1997).

The common interest rule "allows a defendant to assert the attorney/client privilege to protect statements made in confidence not to his lawyer, but to an attorney for a co-defendant for a common purpose related to the defense of both." *United States v. Evans*, 113 F.3d 1457, 1467 (7th Cir. 1997). This rule, apparently originally created in the criminal context, has been extended to civil cases, including cases where litigation has not yet commenced against all witnesses to an otherwise privileged communication. Where all individuals present at the time of the communication are threatened with litigation on the subject matter of the communication, courts reason that they should

not be denied the opportunity to coordinate their efforts without jeopardizing their shared confidences. *Harper-Wyman Co. v. Connecticut General Life Ins. Co.*, 1991 U.S. Dist. LEXIS 5007 (N.D. Ill. 1991) (Judge Gottschall); *Schachar v. American Academy of Opthalmology, Inc.,* 106 F.R.D. 187, 191-192 (N.D. Ill. 1985) (Judge Getzendanner).

Most importantly for this case, the rule is that when attorneys for co-defendants exchange confidential information, the recipient of such information breaches his or her fiduciary duty if he later is able to use that information to the detriment of the co-defendants even if that co-defendant was not formerly his client. *International Paper*, 555 F. Supp. at 133 citing *Wilson P. Abraham Const. Corp. v. Armco Steel Corp.*, 559 F.2d 250 (5th Cir. 1977).

That rule applies with great force here and requires the disqualification of all lawyers from The Rose Law Firm.

**Nature of Confidences** – Mr. Brenner does not believe that he is required to state what confidences were shared with and between his counsel and Ms. Stewart. Under Illinois law, co-defendants in a joint defense are presumed to have shared confidential information. *In re Quantum Chem.,* 1995 U.S. Dist. LEXIS 17445 (N.D. Ill. 1995) (Judge Plunkett); *Kaskie v. Celotex Corp.*, 618 F. Supp. 696, 698 (N.D. Ill. 1985). In any event, at least in the case of prior representation, there is a presumption that confidential information was transmitted to the lawyer seeking to represent an adverse client. *Westinghouse Electric*, 588 F.2d at 224 & n.3. Otherwise, Mr. Brenner would have to disclose the precise confidential information that he is seeking to protect herein.[3]

---

[3] As the Seventh Circuit stated in *Westinghouse*: "To compel the client to show, in addition to establishing that the subject of the present adverse representation is related to the former, the actual confidential matters previously entrusted to the attorney and their possible value to the present client would tear aside the protective cloak drawn about the lawyer-client relationship. For the Court to probe further and sift the confidences in fact revealed would require the disclosure of the very matters intended to be protected by the rule." *Id.* at n.3.

The Court should not allow the appearance of Ms. Stewart, Ms. Leonard, or any lawyers from

The Rose Law Firm.

Respectfully submitted,

  s/ Constantine John Gekas
One of the attorneys for defendant/third-party
plaintiff Richard Brenner

GEKAS & ASSOCIATES, LTD.
Suite 1700
Eleven South LaSalle Street
Chicago, Illinois 60603
(312) 726-4501
(312) 726-4505 (Fax)

Mark J. Rose
LAW OFFICES OF MARK J. ROSE, ESQ.
200 W. Adams St., Suite 2850
Chicago, Illinois 60606
(312) 704-1446
(312) 704-8233 (Fax)
MJRoseEsq@aol.com

## CERTIFICATE OF SERVICE

I certify that on August 4, 2008, a copy of the foregoing and the document(s) referred to therein were served by email upon the following counsel of record:

William G. Sullivan (Via ECF)
Mason N. Floyd
MARTIN, BROWN & SULLIVAN
321 S. Plymouth Court, 10th Floor
Chicago, IL 60604
sullivan@mbslaw.com
floyd@mbslaw.com

Counsel for plaintiff Polybrite International, Inc.

Sigi M. Offenbach  (Via ECF)
PITLER & MANDELL
39 South LaSalle Street
Suite 1220
Chicago, IL 60603
(312) 782-9466
sigi@pitlerandmandell.com

Counsel for defendant Paul Christensen

R. Michael McCann  (Via ECF)
Thomas Falkenburg
WILLIAMS, MONTGOMERY & JOHN
20 N. Wacker Dr., Suite 2100
Chicago, IL 60606
rmm@willmont.com
tff@willmont.com

Amy L. Stewart (Via Email)
Joi L. Leonard
THE ROSE LAW FIRM, P.A.
120 East Fourth Street
Little Rock, AR 72201
astewart@roselawfirm.com
Putative counsel for third-party defendants

  s/ Constantine John Gekas