Summons - Prot Ord - Mot.wpd

## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| POLYBRITE INTERNATIONAL, INC., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) No. 08 C 1797 |
| | ) |
| RICHARD BRENNER, | ) Hon. Nan R. Nolan |
| PAUL CHRISTENSEN, and | ) |
| CHEE NGON WONG, | ) |
| | ) |
| Defendants. | ) |
| -------------------------------------------------------------- | ) |
| | ) |
| RICHARD BRENNER, | ) |
| | ) |
| Third-Party Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| COMMERCIAL ELECTRIC, LLC, an Arkansas | ) |
| limited liability company; | ) |
| SOLID STATE SOLUTIONS, LLC, an Arkansas | ) |
| limited liability company; | ) |
| PHIL K. GAMACHE; BOB VAN AUKEN; and | ) |
| WILLIAM YOUNG, | ) |
| | ) |
| Third-Party Defendants. | ) |

**MOTION OF DEFENDANT/THIRD-PARTY PLAINTIFF BRENNER
FOR A PROTECTIVE ORDER BARRING THIRD-PARTY DEFENDANTS
FROM SERVING PROCESS ON HIM WHILE HE IS IN CHICAGO
FOR THE AUGUST 21 SETTLEMENT CONFERENCE,
OR IN THE ALTERNATIVE,
PERMITTING HIM TO PARTICIPATE IN THAT CONFERENCE BY TELEPHONE**

Defendant/third-party plaintiff Richard Brenner respectfully asks this Court to enter a

protective order barring third-party defendants from serving process on him while he is in Chicago

for the August 21 Settlement Conference before this Court, or in the alternative, permitting him to

participate in that conference by telephone rather than by personal appearance.

## SUMMARY OF ARGUMENT

Mr. Brenner is required to attend a settlement conference with this Court on August 21, 2008. Third-party defendant Commercial Electric, LLC ("CE") has filed a harassing and frivolous action against him in Arkansas, the purpose of which is to interfere with the jurisdiction of this Court over this dispute. However, CE has not yet served Mr. Brenner with summons in that action.

Therefore, Mr. Brenner seeks a protective order from this Court barring CE from serving him with summons in that Arkansas case on the basis of the well-established principle that a person attending a court hearing in one case is immune from service of process in another case. *Stewart v. Ramsay*, 242 U.S. 128, 129 (1916). *Lamb v. Schmitt*, 285 U.S. 222, 225 (1932).

## BACKGROUND

Defendant/third-party plaintiff Brenner was formerly an employee of the plaintiff Polybrite International, Inc., and was fired by Polybrite on November 14, 2007.

From about November 30, 2007 until early June 2008, he was employed as the Vice President and Director of Operations and Consultant by third-party defendant Solid State Solutions, LLC ("SSS"), a subsidiary of third-party defendant CE, companies located in Little Rock, Arkansas, both of which are competitors of Polybrite.

In March 2008, Polybrite instituted this action against Mr. Brenner in large part for alleged wrongdoing that Mr. Brenner supposedly committed in the course of his work for third-party defendants SSS and CE.

In early June 2008, SSS and CE fired Mr. Brenner from his positions as Vice President, Director of Operations and Consultant. That termination was without any explanation.

Certain negotiations between Mr. Brenner and SSS and CE then ensued. As part of those negotiations, Mr. Brenner demanded contribution and indemnification from SSS and CE because all his actions after November 30, 2007, (alleged by Polybrite to be wrongful) were undertaken by him solely in his capacity as Vice President, Director of Operations and Consultant to SSS and CE. He also demanded to know the identity of any and all insurers with insurance agreements that might provide him with a defense in this action and/or indemnification for any judgment. Through their counsel, CE and SSS refused all those requests, and concealed the identity of insurance carriers who had agreements that may likely cover Mr. Brenner's defense in this action.[1]

Those negotiations were completely fruitless. Mr. Brenner proceeded to prepare and then file his Third-Party Complaint and his Motion for Leave to file that Complaint. That Motion for Leave to file was granted by Judge Gettleman on July 8, 2008, and Mr. Brenner immediately perfected service of summons on SSS, CE and the individual third-party defendants. Those third-party defendants have now appeared and filed a Motion to Dismiss the Third-Party Complaint. (Docket 67).

However, on June 20, 2008, completely unknown to Mr. Brenner at the time, CE and SSS filed a lawsuit against him in the Circuit Court of Pulaski County, Little Rock, Arkansas. (Exhibit 1 attached hereto). Clearly, that action was filed as a preemptive strike by third-party defendants to seize venue and jurisdiction at least in part to interfere with this Court's jurisdiction and orderly disposition of the instant case.

The Arkansas Complaint interferes with this Court's jurisdiction in two primary ways: first,

---

[1] Last week, this Court ordered CE, SSS, and the other third-party defendants to disclose that insurance information. (Docket No. 84: Aug 8, 2008 Minute Order - Exhibit 2 hereto).

it seeks a declaration that CE is not liable as a contributor or indemnitor of Mr. Brenner because of the claims asserted against him in regard to his actions as Vice President, Director of Operations, and Consultant for SSS and CE.  Those are the central issues of Mr. Brenner's Third-Party Complaint herein, and obviously should logically be decided by this Court in connection with the disposition of Polybrite's original claims against him.  Indeed, Federal Rule 14 contemplates just such joined disposition of a main claim and claims for contribution and indemnity arising from those main claims.  *FDIC v. Wells*, 164 F.R.D. 472, 474 (N.D. Ill. 1995) (Judge Aspen).[2]

Second, the lawsuit makes the completely baseless charge that Mr. Brenner had violated a Confidentiality Agreement he had signed with CE and SSS.  As SSS and CE and their counsel well know, Mr. Brenner had refused to return documents and records to them simply because they are material evidence in this case, and he is under an unequivocal obligation to preserve them and produce them in discovery.  He has done so only after explicit agreement from CE's lawyer, Amy

---

[2] *Fuller v. Rand Automated Compaction Sys.*, 1995 U.S. Dist. LEXIS 2763 (N.D. Ill. 1995) (Judge Nordberg):

> The purpose of Rule 14 is well stated by Wright & Miller, in Federal Practice and Procedure:
>
>> The objective of Rule 14 is to avoid the situation that arises when a defendant has been held liable to plaintiff and then finds it necessary to bring a separate action against a third individual who may be liable to defendant for all or part of plaintiff's original claim. When the rights of all three parties center upon a common factual setting, economies of time and expense can be achieved by combining the suits into one action. Doing so eliminates duplication in the presentation of evidence and increases the likelihood that consistent results will be reached when multiple claims turn upon identical or similar proof. Additionally, the third-party practice procedure is advantageous in that a potentially damaging time lag between a judgment against defendant in one action and a judgment in his favor against the party ultimately liable will be avoided.  Wright & Miller, Federal Practice & Procedure, § 1442 (1990).

Stewart, to undersigned counsel that the production of all confidential documents was to be on an "attorney's eyes only" basis.

CE has not yet affected service of the Arkansas case. If it were to do so, it would substantially prejudice Mr. Brenner because he is unemployed and he will not be able to hire counsel and defend that action.

Moreover, service of summons would attach jurisdiction of the Arkansas Court over Mr. Brenner and potentially subject him to orders that would require him to violate his discovery obligations herein and his obligations to preserve material evidence herein. It would also interfere with this Court's jurisdiction over the contribution and indemnity claims asserted by Mr. Brenner in his Third-Party Complaint against CE, SSS, and the individual third-party defendants.

Because Mr. Brenner is required to attend the settlement conference before this Court on August 21, he has become concerned that he will be served with summons in the Arkansas case while in Chicago for that purpose related to this case.

Mr. Brenner's counsel has written and telephoned CE's Arkansas counsel, Amy Stewart, and its Local Counsel, R. Michael McCann asking for an assurance that such service will not be attempted, but they refused to agree.[3]

Therefore, Mr. Brenner seeks the protection of this Court.

## ARGUMENT

It is well established that witnesses, parties, and attorneys coming from another jurisdiction

---

[3] Therefore, pursuant to Local Rule 37.2, undersigned counsel certifies that on August 15, 2008, he telephoned Ms. Stewart and Mr. McCann, third-party defendants' attorneys, to consult on the issues raised by this Motion. Undersigned counsel left a message for Ms. Stewart, but was able to speak with Mr. McCann about the relief requested in this Motion. Later that day, by a responsive email, Mr. McCann respectfully refused to agree to the relief sought herein, thus requiring the intervention of the Court.

are exempt from service of civil process while in attendance at court, and during a reasonable time in coming and going. *Stewart v. Ramsay*, 242 U.S. 128, 129 (1916). In *Lamb v. Schmitt*, 285 U.S. 222 (1932), the Supreme Court explained that the general rule that witnesses, suitors, and their attorneys, while in attendance in connection with the conduct of one suit, are immune from service of process in another, is founded, not upon the convenience of the individuals, but of the court itself. As commonly stated and applied, it proceeds upon the ground that the due administration of justice requires that a court shall not permit interference with the progress of a cause pending before it, by the service of process in other suits, which would prevent, or the fear of which might tend to discourage, the voluntary attendance of those whose presence is necessary or convenient to the judicial administration in the pending litigation. *Id.*, 285 U.S. at 225.

There are, of course, exceptions to that general rule, for example, where "the immunity itself, if allowed, would so obstruct judicial administration in the very cause for the protection of which it is invoked as to justify withholding it." *Id.* But those exceptions do not apply herein because it is apparent that the purpose of the Arkansas lawsuit is a preemptive strike aimed at divesting or interfering with this Court's jurisdiction over this serious dispute. Moreover, were Mr. Brenner to be served, he would be put in an impossible situation of being forced to defend another action in part raising nearly identical issues, and in part interfering with the discovery obligations in this lawsuit.

Mr. Brenner respectfully submits that it would be substantially unfair to put him in that position.

Therefore, he seeks a protective order barring third-party defendants, or any employee, agent, attorney, or any other person from attempting to serve summons upon him when he is in Chicago to attend the August 21, 2008 settlement conference.

In lieu thereof, he very reluctantly asks that he be permitted not to attend the conference in person, but to participate by telephone.

## CONCLUSION

WHEREFORE, defendant/third-party plaintiff Richard Brenner respectfully requests that this Court issue a protective order barring defendants from serving process on him while he is in Chicago for the August 21 Settlement Conference before this Court, or in the alternative, permitting him to participate in that conference by telephone rather than by personal appearance.

                                            Respectfully submitted,

                                              s/ Mark J. Rose
                                            One of the attorneys for defendant/third-party plaintiff Richard Brenner

Mark J. Rose
LAW OFFICES OF MARK J. ROSE, ESQ.
200 W. Adams St., Suite 2850
Chicago, Illinois 60606
(312) 704-1446
(312) 704-8233 (Fax)
MJRoseEsq@aol.com

GEKAS & ASSOCIATES, LTD.
Suite 1700
Eleven South LaSalle Street
Chicago, Illinois 60603
(312) 726-4501
(312) 726-4505 (Fax)

**CERTIFICATE OF SERVICE**

      I certify that on August 15, 2008, a copy of the foregoing and the document(s) referred to therein were served by email upon the following counsel of record:

| | |
|---|---|
| William G. Sullivan (Via ECF)<br>Mason N. Floyd<br>MARTIN, BROWN & SULLIVAN<br>321 S. Plymouth Court, 10th Floor<br>Chicago, IL 60604<br>sullivan@mbslaw.com<br>floyd@mbslaw.com<br><br>Counsel for plaintiff Polybrite International, Inc. | Sigi M. Offenbach (Via ECF)<br>PITLER & MANDELL<br>39 South LaSalle Street<br>Suite 1220<br>Chicago, IL 60603<br>(312) 782-9466<br>sigi@pitlerandmandell.com<br><br>Counsel for defendant Paul Christensen |
| R. Michael McCann (Via ECF)<br>Thomas Falkenburg<br>WILLIAMS, MONTGOMERY & JOHN<br>20 N. Wacker Dr., Suite 2100<br>Chicago, IL 60606<br>rmm@willmont.com<br>tff@willmont.com | Amy L. Stewart (Via ECF)<br>Joi L. Leonard<br>THE ROSE LAW FIRM, P.A.<br>120 East Fourth Street<br>Little Rock, AR 72201<br>astewart@roselawfirm.com<br>Putative counsel for third-party defendants |

      _s/ Mark J. Rose_

**EXHIBIT 1**

IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS
_2nd_ DIVISION

**COMMERCIAL ELECTRIC, LLC,**
**SOLID STATE SOLUTIONS, LLC**                                      PLAINTIFFS

v.                            NO. CV08-7087         FileD 06/20/08 16:22:56
                                                    Pat O'Brien Circuit Clerk

**RICHARD BRENNER**                                                  DEFENDANT


## COMPLAINT

Plaintiffs Commercial Electric, LLC ("Commercial Electric"), and Solid State Solutions, LLC ("Solid State"), by and through their attorneys, Rose Law Firm, a Professional Association, for their Complaint against Richard Brenner ("Brenner") state:

### INTRODUCTION

This dispute addresses Brenner's failure to return Plaintiffs' Confidential Information, and the existence and enforceability of duties and obligations that Brenner alleges Plaintiffs owe him. Plaintiffs seek to conduct their business within the letter of the law and without further threats or interference from Brenner. Plaintiffs therefore seek a declaratory judgment and preliminary and permanent injunctive relief to resolve uncertainty and justiciable issues regarding their legal rights and interests with respect to their confidential and proprietary information, and their current and future business interests and obligations. Plaintiffs are entitled to such equitable relief in order to avoid irreparable harm that cannot be adequately compensated by money damages or redressed in the law.

## PARTIES

1. Commercial Electric is an Arkansas limited liability corporation with its principal place of business in Pulaski County, Arkansas.

2. Solid State is an Arkansas limited liability corporation with its principal place of business in Pulaski County, Arkansas.

3. Richard Brenner is an individual residing in Palm Springs, California and who, from November 30, 2007 until June 5, 2008, was engaged as a consultant for Commercial Electric or Solid State.

## VENUE AND JURISDICTION

4. Venue is proper in Pulaski County in accordance with Ark. Code Ann. § 16-55-213(a)(3)(B).

5. Jurisdiction is proper in this Court in accordance with Ark. Code Ann. § 16-13-201, § 16-111-103 and § 16-4-101.

## FACTUAL ALLEGATIONS

6. Brenner entered into a Confidentiality Agreement (the "Agreement") with Commercial Electric. *See* Exhibit A, attached hereto. That Agreement protects Commercial Electric's Confidential Information, as defined at Paragraph 1.

7. The Agreement provides:

> Brenner agrees not to disclose Confidential Information to any third party, or to use such Confidential Information for his benefit or the benefit of any third party. Brenner further acknowledges and agrees that the Confidential Information is, and shall remain, the sole and exclusive property of Commercial Electric.

Exhibit A, Paragraph 2.

184825                                                        2

8. The Agreement further provides:

Brenner acknowledges and agrees that immediately upon termination of any business relationship or dealing between Commercial Electric or its assignee and Brenner, for whatever reason, or pursuant to a request by Commercial Electric, Brenner shall return to Commercial Electric the originals and all copies (which are then in existence and in Brenner's possession, custody or control) of all materials of whatever type furnished to Brenner, or prepared by Commercial Electric, which embody, contain, refer to or otherwise disclose or describe in any manner any Confidential Information.

Id.

9. At paragraph 3, Brenner acknowledged that in the event of a violation or threatened violation by Brenner of the Agreement, Commercial Electric shall be entitled to injunctive or other preliminary relief in addition to such other remedies as may be available, including damages.

10. The Agreement contains a choice of law and forum selection provision of Arkansas and Pulaski County, respectively. *See* Exhibit A, Paragraph 7.

11. Brenner has failed and refused to return Commercial Electric's Confidential Information.

12. On information and belief, Brenner has failed and refused to maintain the confidentiality of Commercial Electric's Confidential Information as required by Paragraph 2 of the Agreement.

13. On March 28, 2008, Brenner was sued by his former employer for the intentional torts of breach of fiduciary duty and fraud, and conspiracy to commit the same.

14. Brenner now threatens to demand indemnification or contribution from Commercial Electric or Solid State for that litigation.

15. Brenner further threatens and demands additional compensation for his work as a consultant.

184825                                  3

## COUNT I:   BREACH OF CONTRACT

16. Commercial Electric incorporates paragraph 1 - 15 above as if fully set forth herein.

17. Brenner and Plaintiff Commercial Electric entered into a valid Confidentiality Agreement.

18. Brenner has breached that Agreement by failing to return Commercial Electric's Confidential Information in accordance with the Agreement, and, on information and belief, failing and refusing to keep such information confidential.

19. Commercial Electric is entitled to an injunction requiring Brenner to comply with the Agreement, and for any and all damages to Commercial Electric that may be determined to result from Brenner's breach.

## COUNT II:   DECLARATORY JUDGMENT

20. Commercial Electric incorporates paragraph 1 - 19 above as if fully set forth herein.

21. Plaintiffs deny that Brenner is entitled to indemnification or contribution from either of them for whatever liability he may be determined to have to his former employer.

22. Plaintiffs deny that Brenner is entitled to additional compensation for work that he undertook as a consultant.

23. Plaintiffs, in accordance with Ark. Code Ann. §16-111-101 *et seq.*, seek a declaratory judgment in order to settle and afford them relief from uncertainty and insecurity with respect to their rights, status, and legal relations on the issues on which Brenner has threatened them, including, but not limited to his right to indemnification or contribution and further compensation for his work as a consultant.

## JURY DEMAND

Plaintiffs demand a trial by jury.

**WHEREFORE**, Plaintiff Commercial Electric prays that this Court grant it judgment and preliminary and permanent injunctive relief, and such damages as may be determined at trial on Brenner's breach of the Confidentiality Agreement, and Plaintiffs Commercial Electric and Solid State pray that this Court declare that Brenner is not entitled to indemnification or contribution as described in the Complaint, or further compensation for the work he performed as a consultant for them, and for their attorneys fees and all other relief to which they may be entitled.

Respectfully submitted,

ROSE LAW FIRM
a Professional Association
120 East Fourth Street
Little Rock, AR 72201
Telephone: (501) 375-9131
Facsimile: (501) 375-1309
astewart@roselawfirm.com

By: _____
    Amy Lee Stewart
    Arkansas Bar No. 88167

Attorneys for Plaintiffs Commercial Electric, LLC
And Solid State Solutions, LLC

184825

5

CONFIDENTIALITY AGREEMENT

This Confidentiality Agreement is made and entered into this 30th day of November, 2007, by and between Commercial Electric, LLC, an Arkansas limited liability company ("Commercial Electric") and Richard Brenner ("Brenner").

W-I-T-N-E-S-S-E-T-H

WHEREAS, Commercial Electric and Brenner desire to enter into discussions regarding the development and manufacturing of certain custom made products ("Products") for customers of Commercial Electric.

WHEREAS, in order to facilitate such discussions, Commercial Electric will disclose and exchange Confidential Information not generally known in the industry in which Commercial Electric is engaged.

NOW THEREFORE, in consideration of the premises herein, and for other good and valuable consideration, the receipt and legal sufficiency of which is hereby acknowledged, the parties intending to be legally bound, hereby agree as follows:

1. <u>Definitions.</u> Confidential and proprietary information shall include, but not be limited to, non-public documents, designs, drawings, specifications, manufacturing and engineering information, materials and testing specifications, data, records, customer names and product requirements and information relating to research, development, inventions, designs, drawings, specifications, manufacturing, engineering, marketing, customers and product requirements and all other proprietary information communicated pursuant to this Agreement ("Confidential Information"), provided, however, that Confidential Information shall not include (i) generic information or knowledge that Brenner would have learned in the course of similar work or employment elsewhere in the trade, (ii) information which becomes, without fault by Brenner, generally publicly known, or generally employed by the trade, (iii) information which is made publicly available on a non-restricted basis by the proprietor of the information or by a governmental agency pursuant to the proper exercise of contractually acquired "unlimited rights" in the information and (iv) information rightfully acquired by Brenner from an independent source prior to the parties' discussions.

2. <u>Treatment of Confidential Information.</u> Brenner hereby agrees not to disclose Confidential Information to any third party, or to use such Confidential Information for his benefit or the benefit of any third party. Brenner further acknowledges and agrees that the Confidential Information is, and shall remain, the sole and exclusive property of Commercial Electric. Brenner acknowledges and agrees that immediately upon the termination of any business relationship or dealing between Commercial Electric or it assignee and Brenner, for whatever reason, or pursuant to a request by Commercial Electric, Brenner shall return to Commercial Electric the originals and all copies (which are then in existence and in Brenner's possession, custody or control) of all materials of whatever type furnished to Brenner, or prepared by Commercial Electric, which embody, contain, refer to or otherwise disclose or describe in any manner any Confidential Information.


EXHIBIT A

3. <u>Breach</u>.  Brenner acknowledges that its breach or other violation of any of his obligations with respect to Confidential Information as set forth herein or of any of the restrictions on use, reproduction and/or disclosure thereof may cause Commercial Electric irreparable harm which may not be adequately compensable by money damages.  Accordingly, Brenner acknowledges and agrees that, in the event of a violation or threatened violation by Brenner, Commercial Electric shall be entitled to injunctive or other preliminary relief in addition to such other remedies as may be available for such violation or threatened violation, including damages.

4. <u>Survival of Obligations and Binding Effect</u>.  The restrictions and obligations of paragraph 2 of this Agreement shall survive any expiration, termination or cancellation of this Agreement and shall continue to bind Brenner.

5. <u>Warranty of Authority</u>.  The undersigned have the authority and right to execute this Agreement and agree to indemnify and hold harmless the other party from any claim that such authority or right did not exist.

6. <u>Term</u>.  The obligations of confidentiality upon Brenner under this Agreement shall exist for five years from the date of execution, after which period of time this Agreement shall terminate.

7. <u>Controlling Law and Forum Selection</u>.  This Agreement shall be interpreted and construed in accordance with the laws of the State of Arkansas, excluding provisions regarding choice of law and conflict of law.  The parties agree that Arkansas courts shall have the exclusive jurisdiction and venue to hear disputes arising out of this Agreement and agree to litigate any such disputes in the state or federal courts located in Pulaski County, Arkansas.

8. <u>Counterparts</u>.  This Agreement may be executed simultaneously in two or more counterparts, each of which shall be deemed an original, but all of which shall constitute one and the same instrument.

THE PARTIES ACKNOWLEDGE THAT THEY HAVE READ AND UNDERSTAND THE FOREGOING, THAT THEY HAVE KNOWINGLY AND VOLUNTARILY ENTERED INTO THIS AGREEMENT AND THAT THEY AGREE TO BE BOUND BY THE TERMS AND CONDITIONS STATED THEREIN.

COMMERCIAL ELECTRIC, LLC

By: Phil Gamache
Its: Managing Member

Date  12/15/07

DICK BRENNER

Date  November 30, 2007

2

**COVER SHEET**
**STATE OF ARKANSAS**
**CIRCUIT COURT: CIVIL**

The civil reporting form and the information contained herein shall not be admissible as evidence in any court proceeding or replace or supplement the filing and service of pleadings, orders, or other papers as required by law or Supreme Court Rule. This form is required pursuant to Administrative Order Number 8. Instructions are located on the back of the form.

**FILING INFORMATION:**
County: PULASKI  District: _____  Docket Number: CV08-7087
Judge: Piazza  Division: 2nd  Filing Date: 6/20/08
Plaintiff: Commercial Electric, LLC and Solid State Solutions, LLC  Defendant: Richard Brenner
Attorney Providing Information: Amy Lee Stewart  Address: 120 E. Fourth St., LR, AR, 72201
● Plaintiff  ○ Defendant

Litigant, if Pro Se: _____  Address: _____

**TYPE OF CASE:**

*Torts*
- 9 (NM) Negligence: Motor Vehicle
- 9 (NO) Negligence: Other
- 9 (BF) Bad Faith
- 9 (FR) Fraud
- 9 (MP) Malpractice
- 9 (PL) Products Liability
- 9 (OD) Other

*Contracts*
- 9 (IS) Insurance
- 9 (DO) Debt: Open Account
- 9 (PN) Debt: Promissory Note
- 9 (EM) Employment
- 9 (OC) Other  [circled]  JTR

*Miscellaneous*
- 9 (CD) Condemnation
- 9 (RE) Replevin
- 9 (DJ) Declaratory Judgment  [circled]
- 9 (UD) Unlawful Detainer
- 9 (IN) Incorporation
- 9 (EL) Election
- 9 (FJ) Foreign Judgment
- 9 (WT) Writs _____
- 9 (AA) Administrative Appeal
- 9 (CF) Property Forfeiture
- 9 (OM) Other

BOTH IF POSSIBLE

**JURY TRIAL REQUESTED:** 9 Yes [circled] / 9 No  **MANNER OF FILING:** 9 Original [circled]  9 Re-open  9 Transfer

**DISPOSITION INFORMATION:**
Disposition Date: _____  9 Bench Trial  9 Non Trial  9 Jury Trial

*Judgment Type*
- 9 (DJ) Default Judgment
- 9 (SJ) Summary Judgment
- 9 (CJ) Consent Judgment
- 9 (TJ) Trial Judgment
- 9 (OJ) Other Judgment
- 9 (PG) Petition Granted  9 (PD) Petition Denied

*Dismissal Type*
- 9 (DW) Dismissed with Prejudice
- 9 (DN) Dismissed without Prejudice
- 9 (AR) Arbitration
- 9 (SE) Settled
- 9 (TR) Transferred to Another Jurisdiction

*Judgment For*
9 Plaintiff  9 Defendant  9 Both  Judgment Amount: $ _____

Clerk Signature _____  Date _____

AOC 23 8-96
625 Marshall Street
Little Rock, AR 72201

Send 1 copy to AOC upon filing.
Send 1 copy to AOC upon disposition.
Keep original in Court file.

**EXHIBIT 2**

UNITED STATES DISTRICT COURT
FOR THE Northern District of Illinois – CM/ECF LIVE, Ver 3.2.1
Eastern Division

Polybrite International, Inc.
                Plaintiff,

v.                             Case No.: 1:08−cv−01797
                                     Honorable Robert W. Gettleman

Richard Brenner, et al.
                Defendant.

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Friday, August 8, 2008:

      MINUTE entry before the Honorable Nan R. Nolan:Minute order dated 08/06/08 – docket entry #80 is amended to include the following: Third−Party Defendants Commercial Electric, LLC and Solid State Solutions, LLC are directed to produce any and all insurance policies and copies of their operating agreements and/or any other documents which may impose a duty to defend and/or indemnify Richard Brenner by virtue of his position as Vice President, Director of Operations and Consultant. As previously stated in open Court and out−lined in Judge Nolan's Standing Order Setting Settlement Conference, all parties are required to be present at the 08/21/08 settlement conference.Mailed notice(lxs, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at ***www.ilnd.uscourts.gov***.