UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| POLYBRITE INTERNATIONAL, INC., an Illinois Corporation, | ) ) ) | No. 08 C 1797 |
| Plaintiff, | ) ) | |
| v. | ) ) | Hon. Robert W. Gettleman, Judge Presiding |
| RICHARD BRENNER, an individual, PAUL CHRISTENSEN, an individual, and CHEE NGON WONG, an individual, | ) ) ) ) | Hon. Nan R. Nolan, Magistrate Judge |
| Defendants. | ) ) ) | |
| RICHARD BRENNER, | ) ) | |
| Third-Party Plaintiff | ) ) ) | |
| v. | ) ) | |
| COMMERCIAL ELECTRIC, an Arkansas limited liability company, SOLID STATE SOLUTIONS, an Arkansas limited liability company, PHIL K. GAMACHE; BOB VAN AUKEN; and WILLIAM YOUNG; | ) ) ) ) ) ) ) | |

**RESPONSE TO MOTION OF DEFENDANT/THIRD-PARTY PLAINTIFF BRENNER FOR A PROTECTIVE ORDER BARRING THIRD-PARTY DEFENDANTS FROM SERVING PROCESS ON HIM WHILE HE IS IN CHICAGO FOR THE AUGUST 21 SETTLEMENT CONFERENCE, OR IN THE ALTERNATIVE, PERMITTING HIM TO PARTICIPATE IN THAT CONFERENCE BY TELEPHONE**

Third-party defendants Commercial Electric, Solid State Solutions, LLC ("Solid State"), Phil Gamache, Bob Van Auken, and William Young submit the following Response to Defendant/Third-Party Plaintiff Richard Brenner's ("Brenner") Motion for a Protective Order Barring Third-Party Defendants from Serving Process on Him While He Is in Chicago for the

August 21 Settlement Conference, or in the Alternative, Permitting Him to Participate in that Conference by Telephone. Brenner's motion should be denied because the general rule granting immunity from service of process while attending court does not apply in this case and because it would be fundamentally unfair to permit Brenner to participate via telephone in a settlement conference that he requested. Accordingly, Brenner's motion should be denied in its entirety.

## I. FACTUAL BACKGROUND

In November 2007, Brenner was terminated from PolyBrite International ("PolyBrite"), and Commercial Electric and Solid State subsequently hired him as a consultant. On March 28, 2008, Plaintiff PolyBrite filed a complaint against Defendants Richard Brenner, Paul Christensen, and Chee Ngon Wong, three former employees of PolyBrite, alleging breach of fiduciary duty, conspiracy to breach fiduciary duty, fraud, and conspiracy to commit fraud. PolyBrite did not sue or assert any claims against Commercial Electric, Solid State, or any of their officers or employees.

In June 2008, Solid State terminated its consulting arrangement with Brenner. On June 20, following various threats by Brenner against the third-party defendants, Commercial Electric and Solid State filed a declaratory judgment action in Arkansas against Brenner, seeking a determination of the obligations owed to Brenner and a declaratory judgment and injunction based on a confidentiality agreement between Brenner and Commercial Electric, which included an Arkansas choice-of-forum provision. Since filing the lawsuit, Commercial Electric and Solid State have been attempting to serve Brenner in California; however, he has actively and intentionally evaded all efforts to serve process on him. *See* American Legal Services Status Report, attached hereto as Exhibit A.

With knowledge of the Arkansas lawsuit, Brenner filed his third-party complaint against third-party defendants Commercial Electric, Solid State, Gamache, Van Auken, and Young on July 8, 2008, asserting claims based on contribution against all the third-party defendants and quasi-contractual indemnification against Commercial Electric and Solid State. *See* Brenner's Third-Party Complaint, ¶ 54. Soon thereafter, Brenner requested a settlement conference, which was scheduled for August 21, 2008. The third-party defendants filed a Motion to Dismiss Brenner's third-party complaint based on a number of compelling bases, including lack of personal jurisdiction. Although he had not answered their Motion to Dismiss, Brenner asked the Court to compel third-party defendants' participation in the conference, and it did so.

On August 15, 2008, less than one week before the settlement conference and after requesting that this Court require the third-party defendants' attendance, Brenner filed a motion rife with improper, inaccurate, and irrelevant argument for a protective order preventing the third-party defendants from serving him with process in the Arkansas case while they are with him in Chicago at the settlement conference. Alternatively, Brenner requests that he be permitted to attend the settlement conference via telephone.

## II. ARGUMENT

### A. <u>Brenner Is Not Entitled to Immunity from Service of Process</u>

Brenner's motion is based on a misunderstanding of the case law regarding immunity from service of process. The general rule regarding immunity of witnesses and attorneys from service of process

> proceeds upon the ground that the due administration of justice requires that a court shall not permit interference with the progress of a cause pending before it, by the service of process in other suits, *which would prevent, or the fear of which might tend to discourage, the **voluntary** attendance* of those whose presence is necessary or convenient to the judicial administration in the pending litigation.

*Lamb v. Schmitt*, 285 U.S. 222, 225 (1932) (emphasis supplied). The privilege provided by this rule is the privilege of the court, not the defendant. *Id.* This privilege should not be extended beyond the rationale supporting it, and it should be extended only as required by judicial necessities. *Id.* Accordingly, limitations on this rule have been made "because the service was made on one whose attendance was not voluntary, and hence had no tendency to interfere with judicial administration." *Id.*

In the present case, the general rule regarding immunity from service of process does not apply as Brenner suggests. Service of process on Brenner in the Arkansas suit would not prevent or discourage Brenner's attendance at the settlement conference—which he requested from the Court and moved the Court to compel the third-party defendants to attend—because Brenner's attendance at the settlement conference is *not voluntary*. Brenner, like the third-party defendants, is *required* to attend the conference. Therefore, lack of such immunity will not tend to interfere with judicial administration because Brenner *must* attend the settlement conference regardless of whether the third-party defendants may serve process on him in a separate, but related, case. Therefore, the general rule does not apply to provide Brenner with immunity from service of process because he does not meet one of the fundamental requirements for the application of that rule.

Further, as Brenner himself has recognized, this rule exists for the convenience of the Court, not for his convenience, and he has not demonstrated how the Court will be inconvenienced if he is subject to being served by the third-party defendants. Thus, this case falls squarely within the recognized limitations on the application of the general rule noted by the Supreme Court in *Lamb* because service of process on Brenner will not interfere with the

convenience of the Court; Brenner's attendance is not voluntary, and thus, service of process would not interfere with the judicial administration of the pending case.

Although Brenner attempts to characterize Commercial Electric's lawsuit in Arkansas against him as a frivolous and harassing attempt to interfere with this Court's jurisdiction, the facts simply do not support Brenner's assertion, and regardless, this assertion is irrelevant to Brenner's motion. Commercial Electric filed its action in Arkansas—pursuant to a forum selection clause in the confidentiality agreement between Brenner and Commercial Electric—well *before* Brenner filed his third-party complaint, and one of the main purposes of the lawsuit is to determine the boundaries of the Arkansas companies' obligations to their consultant. Thus, it is clear that the third-party defendants could not have intended to interfere with this Court's jurisdiction over the matter because (1) this Court lacks jurisdiction over the third-party defendants, as discussed in their previously filed motion to dismiss and (2) the third-party complaint had not been filed at the time the Arkansas action was filed. The third-party defendants have acted within their rights, and it is Brenner—not the third-party defendants—who is attempting to interfere with a court's jurisdiction by filing a third-party complaint in an attempt to deny the Arkansas court of its jurisdiction over Commercial Electric's declaratory judgment action. There is nothing in the jurisprudence analyzing Federal Rule of Civil Procedure 14 that suggests that a third-party plaintiff is entitled to the exclusive right to bring an action based on third-party liability, especially when the third-party plaintiff files its action knowing that a suit was previously filed on the same issue in another jurisdiction, based in part on a forum selection clause. Further, the merits of the Arkansas action are irrelevant to Brenner's motion because there is nothing in the law that would permit Brenner to avoid service

of process based on the bare assertion that the lawsuit in which he is to be served is frivolous. Such a determination is beyond the scope of this Court's jurisdiction.

In addition, by filing his baseless third-party complaint, requesting a settlement conference, and moving the Court to compel the third-party defendants to attend that conference in Chicago, Brenner has forced the third-party defendants to incur significant expense in retaining local counsel and defending this action. Thus, it is inconceivable that Brenner would cite as "substantial[] prejudice" the expense he would be required to incur if he were served in an Arkansas case.[1] This assertion is merely an attempt to fabricate a basis for a prejudice claim, and it ignores the fact that Brenner has forced the third-party defendants to suffer similar "prejudice" in this case, despite their assertion of the invalidity of Brenner's third-party complaint. Moreover, this argument is based solely on Brenner's convenience, and as the Supreme Court made clear in *Lamb*, it is the court's convenience, and not the defendant's, that matters in determining whether immunity from service of process exists. Thus, the inconvenience Brenner may or may not suffer is irrelevant to the subject of his motion.

Similarly, Brenner argues, without support or reason, that being served in the Arkansas case would "require" discovery violations and spoliation of evidence. This assertion is simply incorrect and irrelevant, and third-party defendants are unable to conceive of any rational basis for this it.

Brenner's motion seeks to extend this privilege beyond the rationale for such immunity. Although Brenner may argue that he will be inconvenienced by being served in Chicago, he has

---

[1] Although Brenner repeatedly asserts his supposed poverty as a defense or rationale for his actions, it is notable that Brenner continues to create these frivolous issues that needlessly increase all parties' costs in litigating this case. *See also U.S. Commodity Futures Trading Comm'n v. Lake Shore Asset Mgmt. Ltd.*, No. 07-C-3598, 2007 WL 4365365 (Dec. 10, 2007) (in which Judge Manning of this Court references similar tactics recently employed by one of Brenner's attorneys).

failed to demonstrate how the convenience of the Court would be affected. Instead, Brenner is seeking to use this privilege to avoid service of process, not to avoid interference with the judicial administration of this case. It is improper for Brenner to seek this Court's assistance in avoiding service of process, a practice that the federal courts strongly discourage. *See, e.g., Swaim v. Moltan Co.*, 73 F.3d 711, 721 (7th Cir. 1996) (holding that defendant's "continued effort to avoid service of process and frustrate the efficient administration of justice" warranted the issuance of a default judgment). Thus, the privilege should not be extended in this case.

In sum, Brenner should not be able to avoid service of process by frivolously invoking the convenience of this Court. Brenner's asserted conundrum is of his own making. He filed his third-party complaint with full knowledge of the Arkansas action and with an intent to interfere with that action. *See* Brenner's Third-Party Complaint, ¶ 54. He has aggressively avoided all attempts to serve him with process in the Arkansas case, yet he moved this Court to compel the third-party defendants to attend a settlement conference in Chicago that he requested. Only after successfully compelling the third-party defendants' attendance in Chicago did he consider how his actions might interfere with his concerted effort to avoid being served in the Arkansas lawsuit. Now, in a last-minute attempt to avoid such service, he has requested that this Court consider his convenience to be of paramount importance in the administration of justice. However, not only has Brenner placed the third-party defendants in the same financial position of which he now complains, but he also fails to provide any support for the unstated, but necessary, assertion that permitting the third-party defendants to serve him with process in the Arkansas case would interfere with the convenience of the Court. In short, Brenner simply fails to meet the standards for the assertion of this privilege. Accordingly, his motion for a protective

187856-1

7

order barring the third-party defendants from serving process on him in Chicago should be denied.

### B. Brenner Should Not Be Permitted to Participate in the Settlement Conference Via Telephone

Brenner failed to cite any law that would support his contention that he should be permitted to participate via telephone in a settlement conference that he requested and that he compelled the other parties to attend in person. Therefore, this argument is waived. *Kramer v. Banc of America Sec., LLC*, 355 F.3d 961, 964 n.1 (7th Cir. 2004). Moreover, for reasons similar to those discussed above, Brenner should not be permitted to attend the settlement conference via telephone. He requested this conference, and he has successfully moved the Court to compel the third-party defendants to incur the expense of attending this conference in Chicago. Fundamental notions of fairness indicate that Brenner should not be permitted to avoid the expense of attending this settlement conference by participating via telephone. Therefore, Brenner—like the third-party defendants—should be compelled to attend the settlement conference in person.

### III. CONCLUSION

Brenner has failed to demonstrate that his situation falls within the general rule permitting immunity from service of process. Not only has Brenner requested the settlement conference that he now seeks to avoid, but he also moved the Court to compel the third-party defendants to travel from Arkansas to Chicago for that conference. Brenner has actively avoided service of process in the Arkansas case, and he now seeks to use the Court's privilege to continue evading service of process in that case. However, the judicial administration of the present case and the convenience of the Court will not be affected if the third-party defendants choose to serve process on Brenner while he is in Chicago because Brenner's attendance at the settlement

187856-1                                     8

conference is not voluntary. Thus, the possibility of being served cannot discourage or prevent his attendance. Brenner must attend, and therefore, the administration of this case will remain unaffected.

Further, Brenner has cited no support for his assertion that he should be permitted to participate in the court-ordered settlement conference via telephone, and it would be fundamentally unfair to permit him to do so because he requested this conference, and he compelled the third-party defendants to incur the expense of traveling to Chicago to attend the conference. Accordingly, Brenner should not be permitted to escape the very burdens he has placed on the third-party defendants as the result of his own actions, and his motion should be denied in its entirety for all of the foregoing reasons.

If the law permits service on Brenner, then there is no basis for this Court to quash it, and if the law does not permit service and the third-party defendants attempt it anyway, then the rules of civil procedure provide Brenner with the appropriate process and remedy. Brenner's request that this Court effectively enjoin the third-party defendants in anticipation of a problem that already has a procedural solution and that is in the jurisdiction of another court is entirely improper and should be denied.

The third-party defendants pray that the Court award them their fees and costs in defense of this motion.

<div style="display: flex;">

<div>

Thomas Falkenberg
Illinois Bar No. 6205289
R. Michael McCann
Illinois Bar No. 6275477
WILLIAMS, MONTGOMERY & JOHN
20 North Wacker Drive, Suite 2100
Chicago, Illinois 60606-3094
Telephone: (312) 443-3200
Facsimile: (312) 630-8540
tff@willmont.com
rmm@willmont.com


Counsel for:
Commercial Electric, LLC,
Solid State Solutions, LLC,
Phil K. Gamache,
Bob Van Auken, and
William Young

</div>

<div>

Respectfully submitted,

ROSE LAW FIRM
a Professional Association
120 East Fourth St.
Little Rock, AR 72201
Telephone: (501) 375-9131
Facsimile: (501) 375-1309
astewart@roselawfirm.com
jleonard@roselawfirm.com


/s/   Amy Lee Stewart
Amy Lee Stewart
Ark. Bar No. 88167
Joi Leonard
Ark. Bar No. 2007228

</div>

</div>

## CERTIFICATE OF SERVICE

I, Amy Lee Stewart, hereby certify that on August 19, 2008, I caused the foregoing **Response to Motion of Defendant/Third-Party Plaintiff Brenner for a Protective Order Barring Third-Party Defendants from Serving Process on Him While He Is in Chicago for the August 21 Settlement Conference, or in the Alternative, Permitting Him to Participate in that Conference by Telephone**, to be filed electronically with the Court. Notice of this filing will be sent by operation of the Court's electronic filing system to all ECF registered parties indicated below. Parties may access this filing through the Court's CM/ECF system.

**Constantine John Gekas**
GEKAS & ASSOCIATES, LTD.
11 S. La Salle St., Ste. 1700
Chicago, IL 60603
Telephone: (312) 726-4501
Facsimile: (312) 726-4505
cjg@cjglaw.com

**William G. Sullivan**
**Mason N. Floyd**
MARTIN, BROWN & SULLIVAN
321 S. Plymouth Court, 10th Floor
Chicago, IL 60604
sullivan@mbslaw.com
floyd@mbslaw.com

**Mark J. Rose**
LAW OFFICES OF MARK J. ROSE, ESQ.
200 W. Adams St., Ste. 2850
Chicago, IL 60606
Telephone: (312) 704-1446
Facsimile: (312) 704-8233
MJRoseEsq@aol.com

**Sigi M. Offenbach**
PITLER & MANDEL
39 S. LaSalle St., Ste. 1220
Chicago, IL 60603
Telephone: (312) 782-9466
sigi@pitlermandell.com

/s/   Amy Lee Stewart
Amy Lee Stewart

# AMERICAN LEGAL SERVICES

225 S. CIVIC DRIVE
SUITE 2-16
Palm Springs, CA 92262
Phone: 760-323-5445, FAX: 760-323-5509

ROSE LAW FIRM
120 E. 4TH STREET
LITTLE ROCK AR 72201

Case Number: **CV2008007087**

Phone: 501-377-0395  FAX: 501-375-1309

## Status Report as of Thu, Jul. 31, 2008 @ 18:32

*Court:* STATE OF ARKANSAS
*Received Date:* ?        *Status By Date:* ?
*Plaintiff:* LLC COMMERCIAL ELECTRIC
*Defendant:* LLC SOLID STATE SOLUTIONS
*Documents:* SUMMONS; LETTER DATED JUNE 23, 2008: COMPLAINT.

Regarding: RICHARD BRENNER

| Day | Date | Time | Location | Results |
|---|---|---|---|---|
| Thu | 06/26/08 | 7:55am | Home | There Is No Answer At Residence. The Name Is Not Listed On Phone Directory. Attempt Made By: Lyndsey Warn. Attempt At: 372 Ameno Drive East Palm Springs Ca. 92262. |
| Sun | 06/29/08 | 8:20pm | Home | The Trash Can Is Out But There Is No Answer At Residence. Attempt Made By: Lyndsey Warn. Attempt At: 372 Ameno Drive East Palm Springs Ca. 92262. |
| Tue | 07/01/08 | 12:55pm | Home | No Answer At Residence.; Attempt Made By: Lyndsey Warn. Attempt At: 372 Ameno Drive East Palm Springs Ca. 92262. |
| Thu | 07/03/08 | 1:35pm | Home | No Access Into Location. Attempt Made By: Lyndsey Warn. Attempt At: 372 Ameno Drive East Palm Springs Ca. 92262. |
| Tue | 07/08/08 | 4:15pm | Home | No Answer At Residence.; Put Tape On The Front Door And The Garage. Attempt Made By: Lyndsey Warn. Attempt At: 372 Ameno Drive East Palm Springs Ca. 92262. |
| Thu | 07/10/08 | 5:55pm | Home | No Answer At Residence.; Tape Was Completely Gone. Obviously Someone Had Removed It. Attempt Made By: Lyndsey Warn. Attempt At: 372 Ameno Drive East Palm Springs Ca. 92262. |
| Sun | 07/13/08 | 9:10am | Home | Unable To Get Through Gate. Can See The House From Here And I Don'T See Any Vehicles Out Front. Attempt Made By: Lyndsey Warn. Attempt At: 372 Ameno Drive East Palm Springs Ca 92262. |



EXHIBIT A

# AMERICAN LEGAL SERVICES
225 S. CIVIC DRIVE
SUITE 2-16
Palm Springs, CA 92262
Phone: 760-323-5445, FAX: 760-323-5509

ROSE LAW FIRM  
120 E. 4TH STREET  
LITTLE ROCK AR 72201

**Case Number: CV2008007087**

Phone: 501-377-0395  FAX: 501-375-1309

## Status Report as of Thu, Jul. 31, 2008 @ 18:32

| Day | Date | Time | Type | Notes |
|---|---|---|---|---|
| Thu | 07/17/08 | 1:15pm | Home | The House Appears To Be Abandoned. There Are Weeds Growing In The Yard. Cob Webs On The Gate. The Subject'S Name Is Inside The Mailbox With A Red Sticker From The Us Postal Service Indicating That Mail Is Not To Be Delivered Here Because Residence Is Vacant. Attempt Made By: Lyndsey Warn. Attempt At: 1213 Verbena Drive Palm Springs Ca 92262. |
| Fri | 07/18/08 | 5:10pm | Home | Stakeout Until 7:10 Pm. Green Suv In Garage (Unable To Determine Make/Model). No Answer At The Door. No Movement And No One Around. Attempt Made By: Lyndsey Warn. Attempt At: 372 Ameno Drive East Palm Springs Ca. 92262. |
| Fri | 07/18/08 | 9:50pm | Home | All Is Dark. Unable To See In Garage. Attempt Made By: Lyndsey Warn. Attempt At: 372 Ameno Drive East Palm Springs Ca. 92262. |
| Sat | 07/19/08 | 10:00am | Home | No Answer At Residence.; Same Suv Is Inside Garage. Attempt Made By: Lyndsey Warn. Attempt At: 372 Ameno Drive East Palm Springs Ca. 92262. |
| Sat | 07/19/08 | 5:30pm | Home | Stakeout Until 7:30pm. No Movement. Same Green Suv In Garage. Attempt Made By: Lyndsey Warn. Attempt At: 372 Ameno Drive East Palm Springs Ca. 92262. |
| Sat | 07/19/08 | 10:30pm | Home | All Dark. No Answer At Residence.; Attempt Made By: Lyndsey Warn. Attempt At: 372 Ameno Drive East Palm Springs Ca 92262. |
| Sun | 07/20/08 | 11:00am | Home | Stakeout Until 3pm. Same Suv Is In The Garage. There Is No Answer At The Door. At 2:20pm I Tried The Door Again And Thought I Heard A Noise Inside, But No One Answered. Attempt Made By: Lyndsey Warn. Attempt At: 372 Ameno Drive East Palm Springs Ca. 92262. |
| Sun | 07/20/08 | 3:00pm | Home | Made Contact With A Man (Neighbor) Watering Who Said He Doesn'T Know If Anyone Is Home. I Asked If They May Be Out Of Town, But He Said No He Was Golfing With Richard This Last Saturday. Attempt Made By: Lyndsey Warn. Attempt At: 372 Ameno Drive East Palm Springs Ca 92262. |

# AMERICAN LEGAL SERVICES
225 S. CIVIC DRIVE
SUITE 2-16
Palm Springs, CA 92262
Phone: 760-323-5445, FAX: 760-323-5509

ROSE LAW FIRM
120 E. 4TH STREET
LITTLE ROCK AR  72201

<u>Case Number: CV2008007087</u>

Phone: 501-377-0395  FAX: 501-375-1309

## Status Report as of Thu, Jul. 31, 2008 @ 18:32

| Day | Date | Time | Location | Notes |
|---|---|---|---|---|
| Sun | 07/20/08 | 9:15pm | Home | Rang The Doorbell "A Zillion Times" And No One Has Answered The Door. The Unit Is A 2 Story Triplex. I've Seen Lights On Inside, But I Am Not Certain What Windows Belong To The Subject'S Unit. Attempt Made By: Lyndsey  Warn. Attempt At: 372 Ameno Drive East  Palm Springs Ca. 92262. |
| Tue | 07/22/08 | 7:20am | Home | No Answer At Residence.; Two Cars In Garage - The Same Suv And What Appears To Be A Silver Blue Thunderbird. Attempt Made By: Lyndsey  Warn. Attempt At: 372 Ameno Drive East  Palm Springs Ca. 92262. |
| Thu | 07/24/08 | 2:40pm | Home | No Answer At Residence.; Both Cars In Garage. Attempt Made By: Lyndsey  Warn. Attempt At: 372 Ameno Drive East  Palm Springs Ca. 92262. |
| Sat | 07/26/08 | 4:15pm | Home | Stakeout Until 8:15 Pm.  Both Cars Are In Garage. No Movement And No Answer At The Door. Attempt Made By: Lyndsey  Warn. Attempt At: 372 Ameno Drive East  Palm Springs Ca. 92262. |
| Sat | 07/26/08 | 8:00pm | Home | Went Back By To See If Any Lights Are On, But There Are None. Rang Doorbell For A Half Hour Until 10:30 Pm, But No Answer. Attempt Made By: Lyndsey  Warn. Attempt At: 372 Ameno Drive East  Palm Springs Ca. 92262. |
| Sun | 07/27/08 | 8:00am | Home | Stakeout For 2 Hours Until 10am. Both Cars Are Here In The Garage. There Is No Movement. Attempt Made By: Lyndsey  Warn. Attempt At: 372 Ameno Drive East  Palm Springs Ca. 92262. |
| Sun | 07/27/08 | 4:30pm | Home | Stakeout For 3.5 Hours Until 8pm. Both Cars Are Here In The Garage. There Is No Movement. I Knocked On The Door Several Times During This Time But There Was No Answer. Attempt Made By: Lyndsey Warn. Attempt At: 372 Ameno Drive East  Palm Springs Ca 92262. |

ROSELF.56957